UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH LEROY MCCOY,<br><br>        Plaintiff,<br><br>    v.<br><br>A. HOLGUIN, et al.,<br><br>        Defendants. | CASE NO. 1:15-cv-00768-MJS (PC)<br><br>ORDER DENYING MOTION TO SEAL COMPLAINT<br><br>(ECF NO. 3)<br><br>THIRTY DAY DEADLINE |

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  (ECF Nos. 1.)  Before the Court is Plaintiff's May 20, 2015 motion to seal the Complaint.  (ECF No. 3.)

Courts have long "recognize[d] a general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Therefore, there is "a strong presumption in favor of access" to court records unless the records are ones "traditionally kept secret."  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  In order to

overcome this strong presumption in this case, Plaintiff must articulate "compelling reasons" and demonstrate a "specific prejudice or harm will result if no [protection] is granted."  *See id.*; *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).  Under this standard, the Court "weigh[s] relevant factors, base[s] its decision on a compelling reason, and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture."  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (*quoting Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (internal quotations omitted)).

Compelling reasons "exist when . . . court files might . . . become a vehicle for improper purposes . . ."  *Kamakana,* 447 F.3d at 1179 (*quoting Nixon*, 435 U.S. at 598) (internal quotations omitted)).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Id.* (*citing Foltz*, 331 F.3d at 1136).

Here, Plaintiff seeks to seal his Complaint because he fears that Defendants will retaliate against him if they learn of the action and Plaintiff's claims.  These are not compelling reasons for sealing the Complaint.  Generalized fears of retaliation are insufficient to overcome the presumption in this case.  *See, e.g., Fernandez v. Centric*, 2013 U.S. Dist. LEXIS 21634, *2-5 (D. Neb. Feb. 15, 2013).  The action cannot in any event proceed without Defendant's knowledge.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to seal the Complaint (ECF No. 3.) is DENIED; and,

///
///
///
///

2. The Complaint will be unsealed thirty (30) days from the date of service of this order unless Plaintiff files a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated:   May 31, 2015                         /s/ *Michael J. Seng*
                                                              UNITED STATES MAGISTRATE JUDGE