UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY,<br><br>Plaintiff,<br><br>v.<br><br>A. HOLGUIN, et al.,<br><br>Defendants. | **1:15-cv-00768-MJS (PC)**<br><br>**ORDER**<br><br>**(1) GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL;**<br><br>**(2) GRANTING IN PART PLAINTIFF'S APPLICATION FOR MODIFICATION OF DISCOVERY AND SCHEDULING ORDER; AND**<br><br>**(3) GRANTING IN PART DEFENDANTS' MOTION FOR EXTENSION OF TIME**<br><br>**(ECF Nos. 33, 41, 42)**<br><br>**TEN DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's Second Amended Complaint asserting excessive force and failure to protect claims against 19 Defendants[1] concerning a March 2015 assault at the California Correctional Institution

---

[1] These Defendants are Sergeant Correctional Officer ("CO") G. Arellano, CO E. Barron, Nurse Bennett, CO C. Casillas, CO O. Delgado, Nurse Deluna, CO J. Gonzales, CO A. Holguin, CO Holland, CO Kilmer, CO D. King, CO S. Lomas, CO A. Martinez, Sergeant CO C. Martinez, CO Mayfield, CO Montanez, CO V. Moore, CO Moreno, and CO Santa Maria.

1

("CCI") in Tehachapi, California.[2] (ECF No. 8.)

Pending now is Plaintiff's July 28, 2016, motion to compel, which Defendants oppose. (ECF No. 33.) Also pending are the parties' separate motions to modify the April 19, 2016, Discovery and Scheduling Order ("DSO"). (ECF Nos. 41, 42.)

## I.  Summary of Plaintiff's Allegations

Plaintiff alleges:  On March 12, 2015, Plaintiff was assaulted by Defendants Casillas, Holguin, Moore, and King during an escort to the library. Defendants Holland, Kilmer, Lomas, and Santa Maria watched the beating but failed to intervene due to the "code of silence" among correctional officers. Defendant Lomas then grabbed Plaintiff's leg, twisting it and bending it backwards. Defendants Gonzales and A. Martinez raised Plaintiff's handcuffed arms above his head and dragged him by his arms a distance of 10-15 yards. Defendants Nurses Deluna and Bennett, who had by that point arrived with medical equipment, looked on and laughed.

Plaintiff was then taken to a holding cell where Defendant Gonzales assaulted him. Defendants G. Arellano, C. Martinez, Deluna and Bennett stood by and watched and failed to intervene. Someone pulled Plaintiff out of the cell once more and threw him to the ground. Defendants A. Martinez, Delgado, Barron, Montanez, Mayfield and Moreno punched Plaintiff repeatedly.

## II.  Relevant Procedural History

Plaintiff initiated this action on May 20, 2015, and is proceeding on a Second Amended Complaint filed October 26, 2015, and screened November 19, 2015. (ECF Nos. 15, 17.)

On April 13, 2016, all but two Defendants filed an answer. (ECF No. 27.) Defendants Montanez and C. Martinez, who were served on October 20, 2016, and were required to submit a responsive pleading by December 5, 2016, have now filed

---

[2] Plaintiff and all Defendants except for C. Martinez and Montanez have filed their consent to the jurisdiction of a magistrate judge. (ECF Nos. 11, 30.) If these two Defendants wish to consent to the jurisdiction of the undersigned, they shall submit their notices of consent forthwith.

(along with the other Defendants) a motion to revoke Plaintiff's in forma pauperis status. This motion will be addressed by separate order.

On April 19, 2016, the DSO issued setting the discovery deadline at December 19, 2016, and the dispositive motion deadline at February 27, 2017. (ECF No. 29.)

On July 28, 2016, Plaintiff filed the instant motion to compel. (ECF No. 33.) On November 23, 2016, Plaintiff also filed a motion for modification of the DSO. (ECF No. 41.)

On November 29, 2016, Defendants filed for a 45-day extension of times in the DSO in light of the then-recent service on Defendants Montanez and C. Martinez and the assignment of new counsel. (ECF No. 42.)

### III.  Legal Standards

Federal Rule of Civil Procedure 26(b)(1) (as amended eff. Dec. 1, 2015) sets forth the following standard pertaining to relevance:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Limitations to discovery are set forth in Federal Rule of Civil Procedure 26(b)(2)(C), which provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

The Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve Plaintiff's motion to compel on its merits. Hunt, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**IV.   Plaintiff's Motion to Compel**

Plaintiff's motion to compel concerns discovery requests that were served on May 12, 2016. Defendants served their responses on June 20, 2016, and served their supplemental responses on August 25, 2016.

At issue here are (1) Defendants' collective responses to Plaintiff's First Request for Production of Documents ("RPD") and (2) Defendants Nurses Bennett and Moore's individual responses to Plaintiff's First Set of Interrogatories.

4

### A.   Request for Production of Documents

Plaintiff objects to Defendants' responses to RPD Nos. 1-4 and 6-23. These requests can be separated into three groups as set forth here:

### 1.   Requests Concerning Unrelated Complaints

In the first group of requests, Plaintiff seeks documents unrelated to the incident underlying this case. Specifically, he seeks

- "Copies of all logs of allegations of misconduct" against all of the Defendants (RPD No. 2);
- "[California Department of Corrections and Rehabilitation ("CDCR")] Form 2140, Internal Affairs Allegation Logs against all Defendant(s)" (RPD No. 3);
- "CDCR Form 989, Confidential Request for Internal Affairs Investigations against all Defendant(s)" (RPD No. 4);
- "Copies of verdicts, settlements, releases, and related complaints involving all Defendant(s), from the time they became employed with CDCR to current" (RPD No. 6);
- "Any and all documents in the personnel records / files of all Defendant(s) that record any complaint registered with the agency by any inmate, fellow officer, or private citizen" (RPD No. 8);
- "The names, addresses, and telephone numbers of all persons interviewed by the agency during the investigation of said complaints" (RPD No. 10);
- "All statements, written, video, or oral, made by persons who brought said complaints" (RPD No. 11);
- "All tape recordings and/or transcriptions thereof, notes, and memoranda by investigation personnel of the agency made pursuant to investigations described in [RPD No. 8]" (RPD No. 12);
- "The names and assignments of investigators and other personnel employed by the agency in investigations described in [RPD No. 8]" (RPD

5

No. 13);

- "All investigative reports made as a result of said complaints, including all 'conclusions' reached by any officer investigating the complaint" (RPD No. 14);
- "All test records, reports, and statements, including but not limited to letters, reports, and oral conversations of psychiatrists, psychologists, and fellow officers pertaining to all Defendant(s) and their engaging in or propensity to engage in all illegal, nefarious, vindictive, retaliatory, etc. conduct whatsoever described in [RPD No. 8] (RPD No. 15);
- "Any and all documents that record disciplinary action commenced, imposed, or recommended against all Defendant(s) for any type of conduct whatsoever described in [RPD No. 8]" (RPD No. 16); and
- "Copies of all CDCR, Medical Report of Injury or Unusual Occurrence performed by Defendant Hollis Bennett on any prisoner, staff, officer, etc. while she has been employed with the Department" (RPD No. 20).

As noted supra, Plaintiff is proceeding on excessive force and failure to protect claims against the Defendants. The relevant inquiry for the excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320 (1986). When analyzing whether the use of force was malicious or sadistic, factors to be balanced are: (1) the extent of the injury, (2) the need for the application of force, (3) the relationship between the need and the severity of the force used, (4) the threat perceived, and (5) efforts made to mitigate the force being used. Whitley, 475 U.S. at 320-21. For a failure to protect claim, it is well-established that prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted). To establish a violation of this duty, the prisoner must show first, that he was incarcerated under conditions posing a substantial risk of serious harm; and second, that

6

a prison official knew of and was deliberately indifferent to this risk. Id. at 834.

Defendants' past conduct and "propensity to engage in all illegal, nefarious, vindictive, retaliatory, etc. conduct" do not constitute elements of either of these claims. Moreover, Federal Rule of Evidence 404 prohibits evidence of other crimes, wrongs, or acts to prove the character of a person in order to show action in conformity therewith. Fed. R. Evid. 404(b). Even if otherwise allowable, consideration of whether to admit such evidence would require the Court to conduct a trial-within-a-trial with regard to each of the alleged acts of Defendants to determine if it reflected negatively upon such Defendant in a relevant way. The Court finds that the probative value, if any, of such evidence would be substantially outweighed by the undue amount of time that would have to be devoted to the conduct of such procedures. Fed. R. Evid. 403.

Plaintiff's motion as to these requests will therefore be denied.

### 2.     Requests Concerning Incident at Issue

In the second group of requests, Plaintiff seeks documents related to the March 12, 2015, assault. These include the following requests:

- "Any statements by officers to investigators in internal affairs or at the institutions all Defendant(s) have been or are currently employed at regarding the events which form the basis of the causes of action in this case" (RPD No. 17);
- "All written statements, originals or copies, identifiable as reports about the incident on March 12, 2015, made by CDCR employees and/or witnesses" (RPD No. 19);

Defendants' supplemental response to these two requests includes the production of the following documents: Rules Violation Report, Log No. FA-15-04-0004, Battery on a Peace Officer, dated 3/12/15 (AGO 078 to 083), Rules Violation Report, Log No. FA-15-03-0014, Possession of an Inmate Manufactured Weapon, dated 3/12/15 (AGO 084 to 089), Crime/Incident Report, Log No. CCI-FAA-15-03-0044A2, dated 3/12/15 (AGO 090 to 157), Multi-Purpose Worksheet for Inmate Conduct/Information

Document CDC 115-C Supplemental (AGO 158-160), Amended Notice of Unusual Occurrence/Incident Administrative Contact Report (AGO 161), California Correctional Institution Miranda Right Form, Battery On A Peace Officer, CCI Holding Cell Log, CDC 128-B, (AGO 162-164), Memorandum Subject, Clarification to Incident Report CCI-FAA-15-03-0044, dated 2/22/16, Employee's Report to Supervisor of Job Related Injury/Illness and attachments (AGO 165-180), Probable Cause Declaration/Formal Complaint Request, District Attorney Referral Status Report, CCI Investigation Service Unit, Complaint, Case No. CCI15-0044 (AGO 181-195).

In his reply, Plaintiff claims that some of the documents produced by the Defendants in response to RPD Nos. 17 and 19 were those that Plaintiff himself had initially produced to defense counsel "on his own accord and absent a request." Pl.'s Reply at 8-9.  Even if true, Plaintiff does not claim that the production was deficient in any way. He also does not identify any other documents that would be responsive to these requests that were not produced.

Defendants have asserted the Official Information Privilege and individual privacy rights in other unidentified documents, but they have not supported these assertions with a privilege log. See Fed. R. Civ. P. 26(b)(5)(A). The privilege log submitted with their Opposition focuses solely on documents responsive to RPD Nos. 6 and 8-16. See Defs.' Opp'n Ex. C (ECF No. 34-4). The failure to include a privilege log in support of their claims of privilege and privacy is found to constitute a waiver of those objections. See Miller v. Pancucci, 141 F.R.D. 292, 300 (9th Cir. 1992); Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Ct. for the Dist. of Mont., 408 F.3d 1142, 1149 (9th Cir. 2005).

It does not appear Defendants have declared under penalty of perjury that they have produced all documents responsive to RPD Nos. 17 and 19.  They shall do so within ten days from the date of this Order. To the extent they need to identity and produce additional documents to ensure that their declaration is truthful, they shall do that within the same ten-day period.  Out of respect for possible legitimate security concerns, Defendants may redact from any such additional records personal identifying

information beyond last names and titles of corrections officers and officials and redact in full names of confidential informants, subject to Plaintiff's reserved right to seek release of same for good cause shown.

### 3.     Miscellaneous Requests

In the third and final group of requests, Plaintiff seeks the following miscellaneous documents:

- A CDCR "December 20, 2011 Directive to all Institutions regarding Institutional grievances titled: Secure Appeal collection sides [sic] and related matters" (RPD No. 1);
- "Any and all CDCR 115's, 115-A's, 115-B's, 115-C's, and 837's written / authored by all Defendant(s) as well as CDCR 7219's" (RPD No. 18);
- "Emails, text messages, and phone records of all Defendant(s) from February 1, 2015[3] to current" (RPD No. 21);
- "California Correctional Institution Staff Roster for the entire Facility 4A" (RPD No. 22); and
- "Copy of written complaint to California Correctional Institution warden Kim Holland in February 2015 from Plaintiff McCoy regarding living conditions on Facility 4A in Building 6" (RPD No. 23).

In their supplemental response to RPD No. 1, Defendants produced a December 30, 2011 Memorandum to Associate Directors, Division of Adult Institutions regarding "Secure Appeal Collection Sites and Related Matter." Plaintiff does not challenge this production as deficient. Accordingly, his request will be denied as to RPD No. 1.

The Court will also deny Plaintiff's motion as to RPD No. 18; Defendants' objection based on overbreadth is sustained.

The Court will deny Plaintiff's motion as to RPD No. 21 upon sustaining Defendant's objections based on relevance. While Plaintiff claims these documents are necessary "because at least two Defendants … are no longer working at the prison and

---

[3] Plaintiff's original request included the date "February 1, 2016." In his motion, he claims this was in error and should have read February 1, 2015. Pl.'s Mot. Compel at 25.

9

have been in communications with other Defendants," Plaintiff may not use discovery requests to engage in a fishing expedition in the hopes that he may turn up some relevant or useful information. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004).

And lastly, Plaintiff's motion will be denied as to RPD No. 23. The document that he seeks was authored by him. He asserts that copies of these sorts of complaints are not placed in an inmate's C-File due to their confidential nature. His request for a copy of same is reason to believe he does not have a copy. Defendants shall produce a copy of same to Plaintiff within ten days of the date of this Order unless they can show they do not have it or provide other good cause why they cannot so produce it.

Regarding RPD No. 22, Plaintiff clarifies in his motion that he seeks the staff roster only for the date of the assault in this case, March 12, 2015, and limited to the facility where the assault occurred. Since the identities of other staff members may be relevant to the prosecution of this action, his motion will be granted. Defendants, who have indicated that they are in the process of locating the requested information, shall produce this information to Plaintiff within ten days.

**B.    Interrogatories**

Plaintiff next seeks to compel further responses to a number of interrogatories served on Defendants Nurses Bennett and Moore.

**1.    Defendant Nurse Hollis Bennett**

Plaintiff challenges Nurse Bennett's responses to two interrogatories:

- Interrogatory No. 23: Are you aware that the brain is very sensitive, perhaps the most sensitive organ in the human body?
- Interrogatory No. 24: What is the procedure for treating head injuries?

Defendants object that these interrogatories and potential responses to them lack relevance. In his motion, Plaintiff asserts that the interrogatories relate to his claim that Nurse Bennett "did deprive Plaintiff of adequate treatment in conspiracy with other named Defendants." Pl.'s Mot. Compel at 4. To the extent Plaintiff is suggesting that

10

Nurse Bennett was deliberately indifferent to Plaintiff's medical needs, the Court's Screening Order found that Plaintiff asserted only Eighth Amendment excessive force and failure to protect claims. See November 19, 2015, Screening Order at 5 n.3 ("In the Court's prior screening order, the Court advised Plaintiff to link unnamed Defendants and of the elements for stating retaliation and medical indifference claims. Plaintiff's SAC reiterates that he is only alleging excessive force and failure to protect claims.") It may be that he omitted such a claim because there was no basis for alleging that her alleged thirty-minute delay in treating him resulted in any additional injury. See McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992).

Therefore, Defendants' relevance objection will be sustained. The undersigned also finds these interrogatories to be too overbroad and vague to be answerable.

**2.  Defendant Nurse Vanessa Moore**

Plaintiff challenges Nurse Moore's responses to four interrogatories:

- Interrogatory No. 1: Prior to working at California Correctional Institution have you been employed at any other prison operated by California Department of Corrections and Rehabilitation or any other entity? If so, where?

In response to Defendant's relevance objection, Plaintiff states this information will help him determine if Nurse Moore had previously been transferred from other institutions based on allegations of misconduct. Plaintiff's motion will be denied as to this interrogatory on the same grounds as set forth in Section IV.A.1. above relating to discovery of Defendants' alleged prior bad acts.

- Interrogatory No. 8: What type of unit is this where you were assigned to work on March, 12, 2015? E.g., Security Housing Unit, Segregated Housing Unit, etc.

Defendant responded to this interrogatory as follows: "On May 12, 2015, I worked in the Administrative Segregation Unit." Plaintiff claims Defendant's response is deficient because it includes an incorrect date. Recognizing the error, Defendant has corrected

11

the date in her supplemental response.

- Interrogatory No. 10: What is the purpose of the amount of staff assigned to work in the unit?

Defendant objected to this interrogatory as vague and ambiguous and irrelevant. Plaintiff claims this information is relevant "in that upon what's been presented thus far, all but eight Defendants acknowledge they were even at the incident site which gives rise to the presumption that they are not being truthful because the sole purpose for the amount of staff in these units are for penological, security purposes." Pl.'s Mot. Compel at 8.

Defendant's objections will be sustained. This interrogatory is vague and ambiguous, and Plaintiff's unqualified speculation as to the relationship between the number of assigned staff members and the March 12, 2015, assault is irrelevant and potentially prejudicial.

- Interrogatory No. 25: Do you associate with any of the Defendants in this action beside [sic] being at work?

In response to Defendant's relevance objection, Plaintiff claims this information "will lead to the discovery of evidence proving that Defendant's contentions are false" i.e., undermine this Defendant's assertion "that she knows absolutely nothing about the incident that gave rise to this complaint." Pl.'s Mot. Compel at 9.

Plaintiff, as the moving party, bears the burden of demonstrating relevance. He has not done so here, and certainly not shown justification for invading a Defendant's personal life and relationships.

**V.    Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's July 28, 2016, motion to compel (ECF No. 33) is GRANTED IN PART and DENIED IN PART:
    a. Plaintiff's motion is GRANTED as to RPD Nos. 17, 19, and 22. Within ten days from the date of this Order,

     i. Defendants shall produce, and shall submit a declaration under penalty of perjury that they have produced, all responsive documents to RPD Nos. 17 and 19; and

     ii. Defendants shall produce a staff roster responsive to RPD No. 22;

  b. Plaintiff's motion is DENIED as to all other requests and interrogatories.

2. The parties' respective motions for modification to the Discovery and Scheduling Order (ECF Nos. 41 and 42) are GRANTED IN PART:

  a. The discovery deadline is continued to February 17, 2017; and

  b. The dispositive motion deadline is continued to April 19, 2017.

IT IS SO ORDERED.

Dated: January 23, 2017   /s/ *Michael J. Seng*
              UNITED STATES MAGISTRATE JUDGE

13