UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY,<br><br>        Plaintiff,<br><br>    v.<br><br>A. HOLGUIN, et al.,<br><br>        Defendants. | **1:15-cv-00768-DAD-MJS (PC)**<br><br>**ORDER GRANTING REQUEST FOR JUDICIAL NOTICE; AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO**<br><br>    **1. REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS, AND**<br><br>    **2. DIRECT PLAINTIFF TO PAY FILING FEE IN FULL**<br><br>**(ECF Nos. 44, 45)**<br><br>**FOURTEEN-DAY DEADLINE** |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's Second Amended Complaint asserting excessive force and failure to protect claims against 19 Defendants following a March 2015 assault. On July 14, 2015, Plaintiff was granted leave to proceed in forma pauperis. (ECF No. 9.)

    Now pending is Defendants' January 9, 2017, motion to revoke in forma pauperis status. (ECF No. 44.) Plaintiff opposes the motion. For the reasons set forth below, the

undersigned will recommend that Plaintiff's in forma pauperis status be revoked and he be directed to pay the filing fee in full.

Plaintiff is subject to 28 U.S.C. 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Plaintiff initiated this action on May 20, 2015. Before that date, Plaintiff's complaints in the following cases were dismissed for failure to state a claim and judgment was entered accordingly: McCoy v. County of Riverside, 2:13-cv-8674-RGK-DFM (C.D. Cal.) (dismissed on July 31, 2014, for failure to state a claim); McCoy v. Curiel, 2:14-cv-0517-RGK-DFM (C.D. Cal.) (dismissed on January 9, 2015, for failure to state a claim); McCoy v. County of Los Angeles, 2:14-cv-7262 UA-DFM (C.D. Cal.) (dismissed on September 25, 2014, for failure to state a claim); and McCoy v. Cacciola, 1:13-cv-0995-SKO (E.D. Cal.) (dismissed on December 18, 2014, for failure to state a claim). Since Plaintiff does not argue that these cases do not constitute a strike, the undersigned finds that he is a "three-striker" within the meaning of Section 1915(g), and the only question remaining is whether Plaintiff was under imminent danger of serious physical injury at the time he filed this action.

The imminent danger exception applies if "the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007).  The Ninth Circuit interprets "imminent danger" to mean "ongoing danger," meaning the prisoner must allege that prison officials have continued with a practice that has injured him or others similarly situated in the past.  Id. at 1056-57.

A prisoner seeking to invoke the imminent danger exception in § 1915(g) must make specific, credible allegations of imminent danger of serious physical harm.  McNeil

2

v. U.S., 2006 WL 581081 (W.D. Wash. Mar. 8, 2006) (citing Kinnell v. Graves, 265 F.3d 1125, 1127-28 (10th Cir. 2001), and White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998)). Vague, speculative, and non-specific allegations are insufficient. See Pauline v. Mishner, 2009 WL 1505672 (D. Haw. May 28, 2009) (plaintiff's vague and conclusory allegations of possible future harm to himself or others are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g)); Cooper v. Bush, 2006 WL 2054090 (M.D. Fla. July 21, 2006) (plaintiff's allegations that he will commit suicide, or that he has already attempted suicide and will do so again, are insufficient to show imminent danger); Luedtke v. Bertrand, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) ("[p]laintiff's vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are not enough. These allegations are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury.").

Plaintiff sets forth three grounds in opposition to Defendants' motion: Defendants have not met their burden to show that the IFP status should be revoked, the "imminent danger" exception is applicable to the facts of this case, and revocation of the IFP cannot apply to Plaintiff. Plaintiff does not elaborate on these grounds other than to argue that the imminent danger exception applies to him because he continues to suffer from injuries from the assault. He also asserts that denying him this exception on the ground that the assault occurred in the past would be "a cruel joke on prisoners." See Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception. This action is directed at 19 Defendants who are alleged to have used excessive force and/or failed to intervene during an assault that occurred in March 2015, nearly two and one-half months before he initiated this case. Plaintiff's pleadings allege neither an ongoing harm nor an imminent threat of serious physical injury. His claim that he continues to suffer from his past injuries is insufficient to satisfy the requirements of this exception.

Accordingly, IT IS HEREBY ORDERED that Defendants' motion for judicial notice (ECF No. 45) is GRANTED; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to revoke Plaintiff's in forma pauperis status (ECF No. 44) be GRANTED;
2. Plaintiff's in forma pauperis status be REVOKED; and
3. Plaintiff be directed to pay the $400 filing fee in this action within fourteen days from the adoption of these findings and recommendations.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   March 6, 2017          /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE