UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A. HOLGUIN, et al.,<br><br>　　　　Defendants. | **1:15-cv-00768-DAD-MJS (PC)**<br><br>**ORDER GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE; AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS' MOTION TO STAY**<br><br>**(ECF NOS. 72-73)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's Second Amended Complaint asserting excessive force and failure to protect claims against 19 Defendants following a March 2015 assault.

Pending before the Court is Defendants' motion to stay. (ECF No. 72.) Plaintiff has not filed an opposition or statement of non-opposition, and the time for filing one has now passed. E.D. Cal. Local Rule 230(l).

**I.　Plaintiff's Allegations**

Plaintiff's allegations may be summarized essentially as follows:

1

### A. Escort to Library

On March 12, 2015, during an escort to the library, Plaintiff was shoved without provocation by Defendant Casillas. Defendants Holguin, Moore, and King then joined Defendant Casillas in punching and beating Plaintiff with their batons. Defendant Holguin pepper sprayed Plaintiff; Defendant Lomas attempted to break Plaintiff's leg by twisting it backwards; and Defendants Gonzales and A. Martinez dragged Plaintiff by his arms approximately 10-15 yards, causing him pain. Throughout the beating, Plaintiff remained handcuffed and was obeying orders.

Defendants Holland, Kilmer, Lomas, and Santa Maria watched the assault but failed to intervene.

### B. Placement in Holding Cell

When Plaintiff was then transferred to a holding cell, Defendant Gonzales twice shoved him into it, slamming his head against the back of the cell. Defendants Delgado, Barron, Montanez, Mayfield and Moreno then punched Plaintiff repeatedly, and Defendant A. Martinez kicked Plaintiff in the ribs.

Defendants Deluna, Bennett, Arrellano, and C. Martinez watched this assault but failed to intervene.

## II. Relevant Proceedings

### A. The Rules Violation Report and Guilty Finding

Plaintiff's claims in this case that a number of Defendants assaulted him without provocation on March 12, 2015, while other Defendants watched and failed to intervene. Defendants dispute this claim and seek judicial notice of the Rules Violation Report ("RVR") issued following the incident charging Plaintiff with Battery on a Peace Officer; there Plaintiff is described as having attacked the officers and resisted their attempts to control him. See Defs.' Req. Jud. Notice ("RJN") (ECF No. 73) Ex. A.[1] They also submit the report of the hearing on the RVR showing that Plaintiff was found guilty of the

---
[1] Since these documents are referenced in Plaintiff's pleading, Defendants' request for judicial notice will be granted. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

charge.[2] Id. Ex. B.

### B. State Criminal Proceedings

The March 12, 2015, incident was referred to the Kern County District Attorney's Office, which charged Plaintiff under (1) Penal Code 69 for using threats or violence against Officer Holguin to resist a peace officer in the performance of his duty; (2) Penal Code 69 for using threats or violence against Officer Casillas to resist a peace officer in the performance of his duty; (3) Penal Code section 4502(A) for possession of a weapon while in prison; and (4) Penal Code 422 for threatening Officer King with death or great bodily injury. RJN Ex. C.[3] A jury trial is scheduled in the Kern County Superior Court for September 18, 2017. Id. Ex. D.

### C. State Civil Action

Soon after filing this federal action, Plaintiff initiated another action concerning the same incident in the Kern County Superior Court against the California Department of Corrections and eight individuals, including four Defendants named here (King, Moore, Casillas, and Holguin). McCoy v. CDCR, Case No. BCV-15101024-TSC. RJN Ex. E. There, Plaintiff asserts state law claims for battery, deceit, intentional infliction of emotional distress, property damage, and breach of duty.

As of the date that Defendants filed their motion, the state court case was set for a jury trial on September 25, 2017. Id. Ex. F. Recent review of the state court's docket reveals that the civil case was stayed on August 2, 2017, pending resolution of the criminal proceedings and, accordingly, all dates were vacated, including the trial date.

## III. Defendants' Motion to Stay

Defendants have filed a motion to stay this case pursuant to two abstention

---

[2] Although Plaintiff was found guilty, he was not assessed any loss of behavioral/work credits because he had not been served in a timely manner. He was, however, assessed 90-days loss of privileges. Additionally, he was counseled, warned, and reprimanded, and he was referred to the Institutional Classification Committee for possible placement in the Secure Housing Unit. RJN Ex. B.

[3] The Court may also "take judicial notice of matters of public record," including documents filed in other court proceedings, as long as they are not "subject to reasonable dispute." Intri-Plex Tech.. Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1052 (9th Cir. 2007).

3

doctrines: the Pullman doctrine and the Colorado River doctrine. Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941); Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

### A. Pullman Abstention

Defendants argue, first, that this action should be stayed pursuant to the Pullman abstention doctrine pending the outcome of Plaintiff's criminal case.

"Pullman abstention is an equitable doctrine that allows federal courts to refrain from deciding sensitive federal constitutional questions when state law issues may moot or narrow the constitutional questions." San Remo Hotel v. City and Cnty of San Francisco, 145 F.3d 1095, 1104 (9th Cir. 1998). Abstention is appropriate when: "(1) the federal plaintiff's complaint must require resolution of a sensitive question of federal constitutional law; (2) that question must be susceptible to being mooted or narrowed by a definitive ruling on state law issues; and (3) the possibly determinative state law must be unclear." United States v. Morros, 268 F.3d 695, 703-04 (9th Cir. 2001).

The doctrine is an "extraordinary and narrow exception" to the Court's jurisdiction, and "should rarely be applied." Porter v. Jones, 319 F.3d 483, 492 (9th Cir. 2003). "If a court invokes Pullman abstention, it should stay the federal constitutional question until the matter has been sent to state court for a determination of the uncertain state law issue." Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 940 (9th Cir. 2002) (internal quotations and citations omitted).

The undersigned finds that this case does not involve "a sensitive question of federal constitutional law." Questions of that sort "touch on a sensitive area of social policy," Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 802 (9th Cir. 2001), such as land use planning, landlord-tenant relationships, foreclosure policy, and death penalty procedures.[4] The Court cannot locate—and Defendants do not provide—

---

[4] See, e.g., Columbia Basin, 268 F.3d at 802 (land use); 1049 Market Street LLC v. City & Cty. of San Francisco, 2015 WL 5676019, at *3 (N.D. Cal. Sept. 28, 2015) (landlord-tenant relationships); Elliott v. JPMorgan Chase Bank, N.A., 2012 WL 1682039, at *3 (D. Nev. May 11, 2012) (foreclosure); Brown v. Vail, 623 F. Supp. 2d 1241 (death penalty by lethal injection procedure).

4

any authority that suggests that this relatively straightforward Eighth Amendment challenge would qualify as "a sensitive area of social policy." Pullman abstention is inappropriate on this ground alone.

The second factor is also not satisfied. Defendants argue that under Heck v. Humphrey, 512 U.S. 477 (1994), a conviction on any of the charges brought against Plaintiff would result in a bar to Plaintiff's Eighth Amendment claims

"Heck precludes a Section 1983 claim based on actions which would 'render a conviction or sentence invalid' where that conviction has not been reversed, expunged, or called into question by issuance of a writ of habeas corpus." Benavides v. City of Arvin, 2012 WL 1910259, at *4 (E.D. Cal. May 25, 2012) (citing Heck, 512 U.S. at 486). In other words, Heck requires dismissal of a Section 1983 claim "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought[.]" Id. (quoting Smithhart v. Towers, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam)). A district court determining whether the Heck doctrine applies must consider whether a plaintiff's success in his or her Section 1983 suit would "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence[.]" Beets v. Cnty. of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting Heck, 512 U.S. at 487).

Heck does not shield liability from every Section 1983 claim solely because the claim is based on the same facts as those in the underlying criminal conviction. Benavides, 2012 WL 1910259, at *4. In Smith v. City of Hemet, the Ninth Circuit "recognized that an allegation of excessive force by a police officer would not be barred by Heck if it were distinct temporally or spatially from the factual basis for the person's conviction." Beets, 669 F.3d at 1042 (citing Smith, 394 F.3d at 699). In particular, a plaintiff may bring a Section 1983 claim "if the use of excessive force occurred subsequent to the conduct on which his conviction was based." Smith, 394 F.3d at 698 (emphasis in original omitted).

Additionally, the California Supreme Court in Yount v. City of Sacramento, 43 Cal.

5

4th 885 (2008), explained that there may be cases in which Heck would not bar a plaintiff's Section 1983 claims:

> For example, a defendant might resist a lawful arrest, to which the arresting officers might respond with excessive force to subdue him. The subsequent use of excessive force would not negate the lawfulness of the initial arrest attempt, or negate the unlawfulness of the criminal defendant's attempt to resist it. Though occurring in one continuous chain of events, two isolated factual contexts would exist, the first giving rise to criminal liability on the part of the criminal defendant, and the second giving rise to civil liability on the part of the arresting officer.

Yount, 43 Cal. 4th at 899 (quoting Jones v. Marcum, 197 F. Supp. 2d 991, 1005 n.9 (S.D. Ohio 2002)). If, on the other hand, the facts giving rise to a plaintiff's claim cannot be separated into distinct incidents, or requires a court to engage in "temporal hair-splitting," such a claim is properly determined to be barred by Heck. Fetters v. Cnty. of Los Angeles, 243 Cal. App. 4th 825, 840 (2016) (citing Truong v. Orange Cnty. Sheriff's Dept., 129 Cal. App. 4th 1423, 1429 (2005)); see also Beets, 669 F.3d at 1044.

Under this legal framework, the undersigned concludes that the state criminal proceedings would not necessarily bar Plaintiff's claims here. Those proceedings are limited to Plaintiff's alleged possession of a weapon and alleged threats and/or violence against Defendants Holguin, Casillas, and King—3 of 7 Defendants whom Plaintiff accuses of assaulting him during the library escort. These proceedings will have no bearing on Plaintiff's claim against the other Defendants whom Plaintiff accuses of assaulting him in the holding cell after the library escort and those who failed to intervene at that time.

Furthermore, even if Plaintiff is eventually convicted, his claims against Defendants Holguin, Casillas, and King and the remaining Defendants who are alleged to have assaulted him during the library escort will not necessarily be barred under Heck to the extent the facts underlying the conviction and the civil claims do not overlap. See Hooper v. Cty. of San Diego, 629 F.3d 1127, 1134 (9th Cir. 2011) (finding excessive force claims not barred by Heck "when the conviction and the § 1983 claim are based on

6

different actions during 'one continuous transaction.'").

Accordingly, the Court finds that a stay pursuant to the Pullman abstention doctrine is not warranted.

### B.     Colorado River Abstention

Defendants next move to stay these proceedings pursuant to the Colorado River abstention doctrine. This doctrine, which is employed "[o]nly in rare cases," permits the district court to stay a federal suit 'for reasons of wise judicial administration' when there is pending a concurrent state suit with overlapping claims. R.R. Street & Co., Inc. v. Transport Ins. Co., 656 F.3d 966, 977-78 (9th Cir. 2011) (quoting Colorado River, 424 U.S. at 818).

In Colorado River, the Supreme Court derived a list of factors that weighed in favor of dismissing a federal suit "due to the presence of a concurrent state proceeding." 424 U.S. at 818. Federal courts must consider: "(1) whether either the state or federal court has exercised jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained jurisdiction." 40235 Washington St. Corp. v. Lusardi, 976 F.2d 587, 588 (9th Cir. 1992) (citing Colorado River, 424 U.S. at 818).

Defendants rely on two of these factors in seeking a stay: the order in which jurisdiction was obtained and the avoidance of piecemeal litigation. Defendants claim that, although this federal action was initiated before the state action, the operative pleading here was filed after the state case was initiated. Assuming the relevance of this fact, and accepting that the state law case has indeed progressed faster than this case, it remains that the state case is now stayed pending resolution of the criminal proceedings.

Additionally, and contrary to Defendants' suggestion, the issues raised in the state case are distinct from those asserted here. While the state case raises claims related to the March 12, 2015, incident, Plaintiff asserts an Eighth Amendment claim there. As the Ninth Circuit has held, the Colorado River abstention doctrine is never appropriate if the

7

state court proceeding will not resolve all issues in the concurrent federal litigation. Holder v. Holder, 305 F.3d 854, 859 (9th Cir. 2002).

The undersigned will thus recommend that Defendants' motion to stay pursuant to the Colorado River abstention doctrine also be denied.

## IV. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' request for judicial notice (ECF NO. 73) is GRANTED; and

IT IS HEREBY RECOMMENDED that Defendants' motion to stay (ECF No. 72) be DENIED.

The Court's findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: August 18, 2017      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE