UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. HOLGUIN, et al.,<br><br>　　　　　Defendants. | **1:15-cv-00768-DAD-MJS (PC)**<br><br>**ORDER**<br><br>　**(1) GRANTING PLAINTIFF'S UNOPPOSED SECOND MOTION TO AMEND DISCOVERY AND SCHEDULING ORDER;**<br><br>　**(2) DENYING PLAINTIFF'S MOTION FOR ORDER COMPELLING RESPONSES TO DISCOVERY (RENEWED);**<br><br>　**(3) GRANTING IN PART PLAINTIFF'S MOTION FOR ORDER TO COMPEL (RENEWAL);**<br><br>　**(4) DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROPOUND ADDITIONAL INTERROGATORIES;**<br><br>　**(5) DENYING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS; AND**<br><br>　**(6) DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**<br><br>**(ECF NOS. 64, 65, 66, 67, 69, 74)** |

1

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's Second Amended Complaint ("SAC") asserting excessive force and failure to protect claims against 19 Defendants following a March 12, 2015 assault at California Correctional Institute ("CCI").

Pending before the Court are a number of discovery-related motions filed by Plaintiff: (1) a second motion to amend discovery and scheduling order (ECF No. 64); (2) a motion for order compelling response to discovery (renewed) (ECF No. 65); (3) a motion for order to compel further response to discovery and application for sanctions (renewal) (ECF No. 66); (4) a motion for leave to propound additional interrogatories (ECF No. 67); (5) a motion to compel further response to first request for production of documents and imposing monetary sanctions (ECF No. 69); and (6) a motion for protective order (ECF No. 74).

Defendants filed a statement of non-opposition to Plaintiff's second motion to amend the discovery and scheduling order. (ECF No. 68.) They have not responded to Plaintiff's motion for protective order, but they have filed an opposition to the other discovery motions. (ECF No. 70, 71.)

**I.      Plaintiff's Allegations**

The allegations of Plaintiff's SAC may be summarized essentially as follows:

**A.      Escort to Library**

On March 12, 2015, during an escort to the library, Plaintiff was shoved without provocation by Defendant Casillas. Defendants Holguin, Moore, and King then joined Defendant Casillas in punching and beating Plaintiff with their batons. Defendant Holguin pepper sprayed Plaintiff; Defendant Lomas attempted to break Plaintiff's leg by twisting it backwards; and Defendants Gonzales and A. Martinez dragged Plaintiff by his arms approximately 10-15 yards, causing him pain. Throughout the beating, Plaintiff remained handcuffed and was obeying orders.

Defendants Holland, Kilmer, Lomas, and Santa Maria watched the assault but failed to intervene.

### B. Placement in Holding Cell

When Plaintiff was then transferred to a holding cell, Defendant Gonzales twice shoved him and slammed his head against the back of the cell. Defendants Delgado, Barron, Montanez, Mayfield and Moreno then punched Plaintiff repeatedly, and Defendant A. Martinez kicked Plaintiff in the ribs.

Defendants Deluna, Bennett, Arrellano, and C. Martinez watched this assault but failed to intervene.

## II. Relevant Procedural History

Plaintiff initiated this action on May 20, 2015, and was granted leave to proceed in forma pauperis on July 14, 2015. On October 26, 2015, Plaintiff's SAC was screened and found to state (a) an excessive force claim against Defendants Casillas, Holguin, Moore, King, Lomas, Gonzales, A. Martinez, Delgado, Barron, Montanez, Mayfield and Moreno and (b) a failure to intervene claim against Defendants Arellano, Deluna, C. Martinez, Bennett, Holland, Kilmer, Lomas, and Santa Maria. Service was ordered shortly thereafter, and Defendants filed an answer on April 13, 2016.

The Discovery and Scheduling Order ("DSO") issued on April 19, 2016, and set the discovery deadline for December 19, 2016, and the dispositive motion deadline for February 27, 2017. (ECF No. 29.)

On January 9, 2017, Defendants moved to revoke Plaintiff's in forma pauperis ("IFP") status. (ECF No. 56.) On March 7, 2017, findings and recommendations issued to grant Defendants' motion and to revoke Plaintiff's IFP status. (ECF No. 56.) The district judge adopted the findings and recommendations in full on May 11, 2017, and directed Plaintiff to pay the filing fee. (ECF No. 61.) Plaintiff paid the filing fee shortly thereafter.

During the pendency of Defendants' motion to revoke Plaintiff's IFP status, the parties' respective motions to modify the DSO were granted in part. (ECF No. 46.) The discovery deadline was continued to February 17, 2017, and the dispositive motion deadline was continued to April 19, 2017.

Later, though still during the pendency of Defendants' motion to revoke, the

3

undersigned granted Defendants' motion to stay discovery pending resolution of the IFP issue, and, accordingly, denied without prejudice two motions to compel filed by Plaintiff. (ECF No. 54.)

Following the district judge's adoption of the March 7, 2017, findings and recommendations, the DSO was amended once again, with the discovery deadline reset for June 30, 2017, and the dispositive motion deadline reset for August 15, 2017. (ECF No. 62.)

Plaintiff has now renewed those two discovery motions previously denied without prejudice. (ECF Nos. 65, 66.) He also filed two additional discovery motions and an unopposed motion to modify the DSO. (ECF Nos. 64, 67, 69.) Lastly, he filed a motion for protective order. (ECF No. 74.)

## III. Legal Standards

Federal Rule of Civil Procedure 26(b)(1) (as amended eff. Dec. 1, 2015) sets forth the following standard pertaining to relevance:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Limitations to discovery are set forth in Federal Rule of Civil Procedure 26(b)(2)(C), which provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to

4

obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

The Court is vested with broad discretion to manage discovery. Notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve Plaintiff's motion to compel on its merits. Hunt, 672 F.3d at 616; Survivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**IV. Motion for Order Compelling Response to Discovery (Renewed)**

In the Motion for Order Compelling Response to Discovery (Renewed) (ECF No. 65), Plaintiff simply refiled his original motion in which he contends that Defendants have failed entirely to respond to any of his October 26, 2016 and November 3, 2016 discovery requests.. Plaintiff seeks an order compelling further responses since they

were due on or before the December 2016 discovery deadline.

As Defendants rightly point out, there have since been two modifications to the DSO and a stay of discovery pending resolution of Defendants' motion to revoke IFP. This resulted in a new discovery deadline. Therefore, to the extent Plaintiff's motion is premised on Defendants' failure to respond by the initial discovery deadline, his motion will be denied.

**V.  Motion for Order to Compel Further Response to Discovery and Application for Sanctions (Renewal)**

In the Motion for Order to Compel Further Response to Discovery and Application for Sanctions (Renewal) (ECF No. 66), Plaintiff is dissatisfied with Defendants' October 14, 2016, objections to Plaintiff's Second Request for Production of Documents.

**A.  Relevant Background**

**1.  Plaintiff's Requests**

The Requests for Production ("RPD") at issue seek the following:

- An original (as opposed to an amended) administrative contact report dated March 12, 2015 (RPD No. 25);
- The instruction manuals from the respective companies that produce the batons and pepper sprays used by Defendants (RPD Nos. 26-27);
- The original crime/incident report dated March 12, 2015 (RPD No. 28);
- The March 12, 2015, time card for Defendant King (RPD No. 29);
- The CDC Form 804 sent to records on March 12, 2015, and April 10, 2015 (RPD Nos. 30-31);
- All emails, text messages, and records for all of the Defendants from March 12, 2015, to the present (RPD No. 32);
- "Any and all data" on the use of force against inmates handcuffed behind their back from 2010 through 2016 in Facility A at CCI (RPD No. 33);
- The California Correctional Peace Officer Association Bargaining Rules (RPD No. 34);

6

- The five-year financial history for all Defendants (RPD No. 35);
- "Any and all memorandums" concerning the incident underlying this case (RPD No. 36); and
- Staff procedure and training manuals for administrative segregation at CCI (RPD Nos. 37-38).

### 2. Defendants' Responses

As to RPD Nos. 25, 28-31, and 36, Defendants asserted various objections and noted that they "are in the process of locating the requested documents, and hereby reserve the right to supplement this response when responsive documents are located." Defendants further noted that they "will provide a privilege log and declaration in support of the privileged documents" for RPD Nos. 29-31 and 36.

As to RPD Nos. 26-27, 32-35, and 37-38, Defendants asserted various objections and declined to supplement their response.

## B. Discussion

Defendants contend Plaintiff's motion is premature in light of their notice that they would supplement their responses to the RPDs. While Defendants did identify certain requests for which they would supplement their responses (RPD Nos. 25, 28-31, and 36), they explicitly declined to supplement their responses to RPD Nos. 26-27, 32-35, and 37-38. Thus, the Court agrees that Plaintiff's motion is premature as to the former set of requests, but it is not premature as to the latter.

### 1. RPD Nos. 26-27

In RPD Nos. 26 and 27, Plaintiff seeks the "Instruction manual from the company that produces the expandable batons (MEB batons) [and 'MK-9 OC pepper spray'] to consumers that Defendants possess at work."

Defendants' responses to these two requests are substantively identical:

> Defendants object to this Request on the grounds that (1) it is vague and ambiguous as to the terms "Instruction manual," "the company," "the MK-9 OC pepper spray" ["expandable batons (MEB batons)"], (2) it is vague as to the applicable time period, and (3) it is overly broad as to scope of

> requested documents. Defendants further object to this Request on the grounds that it may seek information protected from disclosure by the Official Information Privilege and impermissibly seeks confidential peace officer information within the meaning of California Penal Code section 832.7 and the California Peace Officer's Bill of Rights and violates the procedures outlined in California Evidence Code sections 1043 and 1045. **Should the court order production of the confidential documents, Defendants request an in-camera review, and that all confidential information be redacted.** The confidential documents responsive to this request are protected by the official information privilege for the safety and security of the institution, staff and inmates. Furthermore, this Request violates the privacy rights of Defendants and the information requested should not be released to a prison inmates [sic] or parolees. In light of these objections, Defendants will not provide documents responsive to this Request.

(Emphasis in original.)

In their opposition to the instant motion, Defendants submit no argument in support of the litany of objections asserted against these two (or indeed, any) RPDs.

Defendants' invocation of the official information privilege is overruled. To invoke this privilege, Defendants bear the burden of the initial showing that confidentiality overrides the liberal discovery procedures outlined in Rule 26, which requires an affidavit from an agency official in control of the documents. Oyarzo v. Tuolumne Fire Dist., 2013 WL 1758798, at *9-10 (E.D. Cal. 2013) (citing Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995) and Kelly v. City of San Jose, 114 F.R.D. 653, 660-61 (N.D. Cal. 1987)); see also Randle v. Franklin, 2010 WL 3069205, at *3 (E.D. Cal. Aug. 3, 2010) ("[T]he Defendant has the burden of showing that confidentiality and safety concerns override the liberal discovery procedures outlined in Fed.R.Civ.P. 26"). The simple assertion of the privilege, as Defendants have done here, is insufficient.

Also overruled are Defendants' objections based on the confidentiality of peace officer information within the meaning of California Penal Code section 832.7 and the procedural requirements of California Evidence Code sections 1043 and 1045. California Penal Code § 832.7 provides that California peace officer personnel records are confidential. San Diego Police Officers Assn. v. City of San Diego Civil Service Comm.,

8

104 Cal. App. 4th 275, 287 (2002) ("We conclude section 832.7 provides that peace officer personnel records, as defined in section 832.8, are confidential.") California Evidence Code sections 1043 and 1045 also concern information in a peace officer's personnel records.[1] Defendants cite no case, and the Court has been unable to locate one, that holds that these sections also apply to information manuals from companies that manufacture equipment used by peace officers.

Defendants' objections on grounds of vagueness and ambiguity are sustained in part. Concerning the definitions of certain terms, Plaintiff's Requests for Production are preceded by specific definitions for all but one of the terms that Defendants deem vague or ambiguous. While the term "the company" itself is not specifically defined, it is described with reasonable particularity in the request ("the company that produces" the referenced items). A request is sufficiently clear if it describes items with "reasonably particularity" and it "places the party upon 'reasonable notice of what is called for and what is not.'" Fed. R. Civ. P. 34(b); Kidwiler v. Progressive Paloverde Ins. Co., 192. F.R.D. 193, 202 (N.D. W.Va. 2000) (quoting Parsons v. Jefferson-Pilot Corp., 141 F.R.D. 408, 412 (M.D.N.C. 1992)); see also O'Connell and Stevenson, California Practice Guide: Federal Civil Procedure Before Trial (2017) Discovery, para. 11:1886 ("the apparent test is *whether a respondent of average intelligence would know what items to produce*") (emphasis in original).

As for Defendants' objections based on scope and time, RPD Nos. 26-27 shall be limited to the instruction manuals—i.e., "directions given to consumers by the manufacturer"—for the specific type and./or model of "MK-9 OC pepper spray" and "expandable (MEB batons)" used by the correctional officers on March 12, 2015, in the course of the incident at issue in this case.

Finally, the Court turns to Defendants' "safety and security" objection. When

---

[1] Documents that are a part of the personnel records of officers defending civil rights actions, while containing sensitive information, are of course within the scope of discovery. Soto, 162 F.R.D. at 614-15; Hampton v. City of San Diego, 147 F.R.D. 227, 230-31 (S.D. Cal. 1993); Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D.Cal.1992).

9

discoverable information may give rise to institutional safety and security concerns, courts balance the need for the information and the extent the information compromises security to determine whether disclosure is warranted. See Marti v. Baires, 2012 WL 2029720, at *2 (E.D. Cal. June 5, 2012). A conclusory objection based on institutional security, however, is insufficient. See Goolsby v. Carrasco, 2011 WL 2636099, at *6-7 (E.D. Cal. July 5, 2011).

Here, Defendants merely state that the safety and security of the inmates, staff and institution would be affected, but do not explain how or why this is so. Nonetheless, the undersigned proceeds cautiously in light of any potential risks. Accordingly, Defendants shall produce to the Court all documents responsive to RPD Nos. 26 and 27 within ten (10) days for *in camera* review.

### 2. RPD No. 32

In RPD No. 32, Plaintiff seeks "Emails, text messages, and phone records of/from all Defendants from March 12, 2015 to current." Defendants asserted various objections, including on grounds of relevance and overbreadth. These objections will be sustained. While Plaintiff claims the text messages are relevant because they amount to "statements made during and in regard to the course and scope of their employment," this request is nothing more than a fishing expedition. See Rivera v. Nibco, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"). Plaintiff's motion will be denied for this request.

### 3. RPD No. 33

In RPD No. 33, Plaintiff seeks "Any and all data on uses of force on inmates who were handcuffed behind their backs as opposed to being waist-chained from 2010 to 2016 on Facility A in California Correctional Institution." Defendants' objections include vagueness, overbreadth, relevance, privacy, the safety and security of the institution, and the official information privilege. Plaintiff counters that this information is relevant to show that there is a "pattern and practice" of attacking inmates whose hands are cuffed behind their backs, like Plaintiff was on March 12, 2015. Plaintiff, however, is not

10

proceeding on a custom, policy or practice claim. Instead, he proceeds only on individual claims concerning a single incident. His motion will therefore be denied as to this request.

**4.     RPD No. 34**

In RPD No. 34, Plaintiff seeks a copy of the California Correctional Peace Officer Association Bargaining Rules. Defendants assert another relevance objection. Plaintiff counters that these Rules will establish that one of the Defendants, Moore, was aware of Plaintiff's complaints against her and was attempting to "hide and/or cover up her complicity in this action." Plaintiff has not sufficiently demonstrated that this information will assist him in the prosecution of his excessive force claim against Defendant Moore. Accordingly, his motion will be denied as to RPD No. 34.

**5.     RPD No. 35**

In RPD No. 35, Plaintiff seeks the five year financial record history of all of the Defendants. Defendants objected to this request on grounds of, inter alia, vagueness and overbreadth, relevance, and privacy. Plaintiff claims this information is relevant to his request for punitive damages.

Although Defendants object on relevancy grounds, a Defendant's financial information is relevant to a Plaintiff's claim for punitive damages and within the scope of permissible discovery. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 269 (1981) ("By allowing juries and courts to assess punitive damages in appropriate circumstances against the offending official, based on his personal financial resources, [42 U.S.C. § 1983] directly advances the public's interest in preventing repeated constitutional deprivations."); Fair Hous. Council of Cent. Cal., Inc. v. Nunez, 2011 WL 5320981, at *2 (E.D. Cal. Nov. 3, 2011). The Ninth Circuit has not established "the parameters of the dissemination of financial information during discovery when punitive damages are alleged," but a majority of federal courts do not require the plaintiff to make a prima facie showing that punitive damages may be recovered "to discover information relating to the Defendant's financial condition in advance of trial." EEOC v. Cal. Psych.

11

Transitions, 258 F.R.D. 391, 394-95 (E.D. Cal. 2009). Consequently, the information Plaintiff seeks through these discovery requests to determine Defendants' net worth is relevant and within the scope of discovery.

Nonetheless, the undersigned agrees with Defendants that Plaintiff's request is overly broad as to time (an unspecified five-year period) and vague as to scope ("financial record history," which Plaintiff defines as "prior incomes," does not fairly identify the nature of the documents that Plaintiff seeks). These objections will therefore be sustained.

### 6. RPD Nos. 37-38

In RPD Nos. 37 and 38, Plaintiff seeks "[s]taff procedure manuals" and "[s]taff training materials" for the administrative segregation units at CCI. Defendants object to these requests on multiple grounds, including relevance. Plaintiff contends that this information will show that the Defendants needed additional training despite a determination that they did not following an investigation into the incident. Plaintiff also claims that this information will demonstrate "with certainty" that Defendants acted with malice and were sadistic."

These requests will be denied. Plaintiff has not sufficiently demonstrated how these manuals have any bearing on his excessive force and failure to protect claims, which are premised on Defendants' conduct when escorting Plaintiff from the law library and then later during his placement in a holding cell. In addition, Plaintiff has not shown how the failure of any of the Defendants to abide by any procedures listed in either manuals lends support to a finding of maliciousness as opposed to, for example, mistake or carelessness.

Plaintiff's related request for sanctions will also be denied.

## VI. Application for Leave to Propound Additional Interrogatories

In Plaintiff's Application for Leave to Propound Additional Interrogatories (ECF No. 67), Plaintiff seeks leave to serve interrogatories in excess of the 25-interrogatory limit on Defendants V. Moore and H. Bennett. Plaintiff has already propounded 25

interrogatories on each of these Defendants, but seeks to serve an additional 25 on Moore and an additional 14 on Bennett. Plaintiff claims that the questions directed to Moore are intended to identify this Defendant's whereabouts on the day of the incident. The questions directed to Bennett are intended "to clarify her involvement as a bystander in the incident at issue."

Rule 33 of the Federal Rules of Civil Procedure limits interrogatories to twenty-five per party, including discrete subparts, but the Court may grant leave to serve additional interrogatories to the extent consistent with Rule 26(b)(2). The limitation is not intended "to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device," and "[i]n many cases, it will be appropriate for the court to permit a larger number of interrogatories...." Advisory Committee Notes to the 1993 Amendments of Fed. R. Civ. P. 33.

In their objections, Defendants point out that the additional interrogatories that Plaintiff now seeks to propound are in fact duplicates of a second set of interrogatories already propounded—without leave of Court—on Defendant Bennett on October 29, 2016, and on Defendant Moore on November 2, 2016. Defs.' Opp'n Exs. B, C. To the extent Plaintiff is dissatisfied with Defendants' responses to these additional interrogatories, Defendants rightly point out that Plaintiff may move to compel further responses. He may not now seek leave to serve additional interrogatories for interrogatories already served.

**VII. Motion for Order Compelling Further Response to First Request for Production of Documents and Imposing Sanctions**

    **A.    Relevant Background**

Plaintiff served his first request for production of documents on May 12, 2016, and Defendants served their responses on June 20, 2016. Dissatisfied with these resonses, Plaintiff filed a motion to compel on July 28, 2016.

By order dated January 23, 2017, Plaintiff's motion was granted in part and further responses were ordered within ten days. (ECF No. 46.) Relevant here, Defendants were

directed to issue supplemental responses to RPD Nos. 17, 19, 22, and 23, within ten days. On January 31, 2017, Defendants filed a timely Notice of Compliance with the Court's January 23, 2017, Order.

In his now-pending Motion for Order Compelling Further Response to First Request for Production of Documents and Imposing Monetary Sanctions (ECF No. 69), Plaintiff takes issue with Defendants' supplemental responses to RPD Nos. 17, 19, 22, and 23.

**B.     Discussion**

**1.     RPD Nos. 17, 19**

Concerning RPD Nos. 17 and 19, Plaintiff sought information related to the incident underlying this action. In RPD No. 17, he sought "Any statements by officers to investigators in internal affairs or at the institutions all Defendant(s) have been or are currently employed at regarding the events which form the basis of the causes of action in this case." In RPD No. 19, he sought "All written statements, originals or copies, identifiable as reports about the incident on March 12, 2015, made by CDCR employees and/or witnesses."

While Defendants had produced documents responsive to these requests, the Court ordered a supplemental response as follows:

> It does not appear Defendants have declared under penalty of perjury that they have produced all documents responsive to RPD Nos. 17 and 19. They shall do so within ten days from the date of this Order. To the extent they need to identity and produce additional documents to ensure that their declaration is truthful, they shall do that within the same ten-day period. Out of respect for possible legitimate security concerns, Defendants may redact from any such additional records personal identifying information beyond last names and titles of corrections officers and officials and redact in full names of confidential informants, subject to Plaintiff's reserved right to seek release of same for good cause shown.

Jan. 23, 2017, Order (ECF No. 46) at 8-9.

In a letter attached to their Notice of Compliance, Defendants noted that

> In response to your Requests for Production Numbers 17 and

14

> 19, Defendants produced numerous documents. In its Order, the Court noted that fact, and ordered Defendants to either provide a sworn declaration that the documents produced were the only ones responsive to your requests, or to produce any additional documents, along with a declaration.

Defs.' Opp'n Ex. A (ECF No. 52 at 4-5).

Defendants then provided the declaration of Marlon Dailo, the Litigation Coordinator at CCI, who declared that the documents previously produced to Plaintiff "are all of the documents in [the California Department of Corrections and Rehabilitation ("CDCR")]'s possession that are responsive to Requests for Production Numbers 17 and 19." Decl. of M. Dailo ¶ 5 (ECF No. 52 at 10-12).

In his motion, Plaintiff contends that M. Dailo "is not being truthful and is duly unhonest [sic] about the existence of the documents." Pl.'s Decl. in Supp. of Mot. to Compel ¶ 11 (ECF No. 69). He also claims that the Defendants failed to specify whether any documents ever existed, have been destroyed, have been lost, misplaced, or stolen and further failed to specify whether any responsive documents were in Defendants' possession at one point but no longer. But this information was not required by the Court's order. Additionally, Plaintiff has presented no evidence of the existence of documents not produced to him, such as investigation-related material (Defendants claim that no investigation took place following the incident). He has also failed to submit any probative evidence of M. Dailo's alleged dishonesty. Plaintiff's motion to compel will therefore be denied as to RPD Nos. 17 and 19.

### 2. RPD No. 22

In RPD No. 22, Plaintiff sought the CCI staff roster for the entire Facility 4A. This request was modified by the January 23, 2017, Order to "the staff roster only for the date of the assault in this case, March 12, 2015, and limited to the facility where the assault occurred." Defendants were thus directed to submit this log within ten days. Defendants' Notice of Compliance included a 4-page roster of correctional officers who worked on Facilities A-C on Watches 1-3 on March 12, 2015. (ECF No. 52 at 6-9.)

Plaintiff seeks further response on the ground that Defendants improperly limited

the roster to correctional officers and omitted the names of all other employees, including medical staff. Defendants counter that medical staff assignments are listed separately and based on medical facility assignments. Since the incident in this case did not occur in a medical facility, they contend that they produced the information requested by Plaintiff and ordered by the Court. The undersigned agrees and therefore denies Plaintiff's motion as to RPD No. 22.

### 3. RPD No. 23

In RPD No. 23, Plaintiff sought a copy of a complaint he wrote to CCI Warden Kim Holland in February 2015 regarding living conditions on Facility 4A in Building 6. Defendants were ordered to provide a copy of this letter "unless they can show they do not have it or provide other good cause why they cannot so produce it." In their opposition, Defendants acknowledge that they overlooked this portion of the Court's Order and will search their records for a copy and provide it if they have it. Plaintiff's motion is thus denied as moot as to RPD No. 23.

Plaintiff's related request for sanctions will be denied.

## VIII. Motion for Protective Order

In his final discovery motion, Plaintiff seeks a protective order to preclude Defendants from taking his oral deposition. (ECF No. 74.) He claims that he was recently deposed by the Department of Justice in a related state law case that is based on the same facts. He states that the deposition in this case will subject him to annoyance, embarrassment, oppression, undue burden or expense and that it constitutes an abusive practice.

This Court recently reviewed the substance of Plaintiff's state case in an August 21, 2017, findings and recommendations to deny Defendants' motion to stay. (ECF No. 77.) There, the undersigned determined that Plaintiff's state case, McCoy v. CDCR, Case No. BCV-15101024-TSC, which was filed in the Kern County Superior Court, proceeds against the CDCR and eight individuals, including four Defendants named here (King, Moore, Casillas, and Holguin). Plaintiff's claims in that case are state law

claims for battery, deceit, intentional infliction of emotional distress, property damage, and breach of duty. In this case, on the other hand, Plaintiff proceeds against 19 Defendants on federal claims of Eighth Amendment excessive force and failure to protect claims. In light of the substantial differences both in claims and Defendants, Plaintiff's motion for protective order will be denied.

**IX.  Motion to Modify Scheduling Order**

In his second motion to modify the scheduling order (ECF No. 64), Plaintiff seeks a continuation of the discovery and dispositive motion deadlines to conduct discovery. Defendants have filed a statement of non-opposition. (ECF No. 68.) Considering the procedural history of this case, including a discovery stay and the multiple discovery motions, the Court finds good cause to modify the scheduling order. Fed. R. Civ. P. 16(b)(4). Accordingly, this request will be granted.

**X.  Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's second motion to amend the discovery and scheduling order (ECF No. 64) is GRANTED;
    a. The discovery deadline is continued to October 20, 2017,
    b. The dispositive motion deadline is continued to December 15, 2017;
2. Plaintiff's motion for order compelling response to discovery (renewal) (ECF No. 65) is DENIED;
3. Plaintiff's motion for order to compel further response to discovery and application for sanctions (renewal) (ECF No. 66) is GRANTED IN PART. Defendants shall produce to the Court all documents responsive to RPD Nos. 26-27 within ten (10) days from the date of this Order for *in camera* review. The motion is DENIED as to all other requests;
4. Plaintiff's motion for leave to propound additional interrogatories (ECF No. 67) is DENIED;
5. Plaintiff's motion for order compelling further response to first request for

17

production of documents and imposing monetary sanctions (ECF No. 69) is DENIED; and

6. Plaintiff's motion for protective order (ECF No. 74) is DENIED.

IT IS SO ORDERED.

Dated: September 12, 2017        /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE