UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY,<br><br>  Plaintiff,<br><br>v.<br><br>A. HOLGUIN, et al.,<br><br>  Defendants. | **1:15-cv-00768-DAD-MJS (PC)**<br><br>**ORDER**<br><br>  **(1) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME;**<br><br>  **(2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS TO COMPEL;**<br><br>  **(3) STAYING MERITS-BASED DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**(ECF NOS. 75, 78, 86, 87)** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's Second Amended Complaint asserting excessive force and failure to protect claims against 19 Defendants following a March 12, 2015, assault. Pending now is Defendants' July 17, 2017, motion for summary

1

judgment for failure to exhaust administrative remedies. (ECF No. 75.) Plaintiff opposes the motion. For the reasons set forth below, the undersigned will recommend that this motion be granted in part. Also pending are two motions to compel filed by Plaintiff, which Defendants oppose. (ECF Nos. 86, 87.)

## I.  Plaintiff's Allegations

In the Second Amended Complaint, Plaintiff alleges that he was assaulted by correctional staff at California Correctional Institution ("CCI") during two separate but related incidents, both of which occurred on March 12, 2015.

In the first incident, Plaintiff was handcuffed and escorted by Correctional Officer ("CO") Casillas, presumably on the way to the law library. Upon entering a hallway, Plaintiff saw other correctional staff—COs Moore, Holguin, and King—standing there. CO Casillas said "what's up now mother fucker," and threw Plaintiff into a wall. COs Holguin and Casillas then began punching Plaintiff while CO Holguin asked "who's the bitch now?" COs Moore and King joined the other two COs in assaulting Plaintiff with their fists and batons, and CO Holguin sprayed an entire can of pepper spray into Plaintiff's eyes and ears. This assault eventually ended up outside where COs Holland, Kilmer, S. Lomas, and Santa Maria witnessed it but failed to intervene. When Plaintiff was proned out on the floor, CO Lomas grabbed Plaintiff's left leg and began twisting and bending it in an attempt to break it.

At this point, COs J. Gonzales and A. Martinez and medical staff arrived. COs Gonzales and A. Martinez grabbed Plaintiff's handcuffed hands and attempted to raise them over his head in a technique called "chicken wing." They then escorted Plaintiff to a holding cell in Dining Hall #4. There, CO Gonzales shoved Plaintiff into the cell, causing Plaintiff to hit his head on the back of the cell. Plaintiff was pulled out of the cell, and CO Gonzales then shoved Plaintiff again, causing Plaintiff to once more hit his head. Plaintiff was pulled out of the cell a third time and assaulted by COs A. Martinez, Delgado, Barron, Montanez, Mayfield, and Moreno. Defendants Bennett, DeLuna, G. Arrellano, and C. Martinez witnessed this second incident but failed to intervene.

## II. Undisputed Facts

Between March 12, 2015, when the incident underlying this case occurred, and May 20, 2015, when Plaintiff initiated this action, Plaintiff filed two inmate grievances that are relevant to the claims asserted in this case: Log No. CCI-15-00821 and Log No. CCI-15-00905.

### A. Inmate Appeal Log No. CCI-15-00821

On March 19, 2015, Plaintiff submitted a CDCR 602 inmate appeal, assigned Log No. CCI-15-00821 (the "821-appeal"), concerning the March 12, 2015, incident. Decl. of J. Wood in Supp. of Defs.' Mot. Summ. J. (ECF No. 75-2) Ex. A. Rather than submit this appeal through the institutional appeal system though, Plaintiff mailed it directly to the Office of Internal Affairs, which then forwarded it to CCI Warden Kim Holland via a letter dated April 8, 2015. See Wood Decl. Ex. A.

Once received at CCI, Plaintiff's appeal was bypassed at the first level of review. See Pl.'s Opp'n Ex. A (ECF No. 82 at 31). It was then canceled at the second level of review on April 16, 2015, as follows:

> Your appeal has been cancelled pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(c)(4). Time limits for submitting the appeal are exceeded even though you had the opportunity to submit within the prescribed time constraints. [¶] The incident you note occurred on 3/12/15; however, Inmate Appeals did not received [sic] this appeal from you until 4/15/2015.

Wood Decl. Ex. A. Plaintiff was advised that he cannot appeal a canceled appeal, but he was authorized to file a separate appeal regarding the cancellation decision. See id.

### B. Inmate Appeal Log No. CCI-15-00905

On April 21, 2015, Plaintiff filed a CDCR 602 inmate appeal, assigned Log No. CCI-15-00905 (the "905-appeal"), concerning the cancellation of the earlier-filed 821-appeal. Pl.'s Opp'n Ex. A (ECF No. 82 at 29-36). In this new appeal, Plaintiff claimed that he originally filed an inmate appeal concerning the March 12, 2015, incident on that same date, but he did not receive a response. Since he alleged that this happens regularly, he submitted another appeal on March 19, 2015, and mailed it to the Internal

3

Affairs office so that they could forward it to the Appeal Office.

The 905-appeal was denied at the second level of review on April 27, 2015, on the ground that the 821-appeal was submitted on March 19, 2015, but received by the Appeals Office more than 30 calendar days after the March 12, 2015, incident, in violation of California Code of Regulations, Title 15, § 3084.8. Pl.'s Opp'n Ex. A (ECF No. 82 at 37).

The 905-appeal was then denied at the third level of review on July 28, 2015. Pl.'s Opp'n Ex. A (ECF No. 82 at 27-28). This denial was also premised on Plaintiff's failure to submit a timely appeal.

### III. Legal Standards

#### A. Summary Judgment Standards

The court must grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Material facts are those that may affect the outcome of the case. Anderson, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Id. at 248-49.

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000); see Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only

4

point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting Celotex, 477 U.S. at 325).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. Nissan Fire & Marine Ins. Co., Ltd., 210 F.3d at 1103. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. See Devereaux, 263 F.3d at 1076. If the non-moving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to summary judgment. See Celotex, 477 U.S. at 323.

Generally, when a defendant moves for summary judgment on an affirmative defense on which he bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial. See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992). The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment rather than a motion to dismiss. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). On a motion for summary judgment for nonexhaustion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1172. If the defendant carries that burden, the "burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with the defendant, however. Id. If material facts are disputed, summary judgment should be denied, and the "judge rather than a jury should determine the facts" on the exhaustion question, id. at 1166, "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue," id. at 1170-71.

In ruling on a motion for summary judgment, inferences drawn from the underlying

facts are viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Plaintiff's pleading is signed under penalty of perjury and the facts therein are evidence for purposes of evaluating the defendants' motion for summary judgment.

**B.    California's Administrative Exhaustion Rules**

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002); Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016) (mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Section 1997e(a) requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 93 (2006). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." Id. at 90.

The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or

its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies, a prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the CDCR or his designee. Id. § 3084.1(b), § 3084.7(d)(3).

The amount of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures. Jones v. Bock, 549 U.S. 199, 218 (2007); see also Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) ("To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations"). California prisoners are required to lodge their administrative complaint on a CDCR-602 form (or a CDCR-602 HC form for a health-care matter). The level of specificity required in the appeal is described in a regulation:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question. [¶] The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

Cal. Code Regs. tit. 15, § 3084.2(a)(3-4).[1]

---

[1] Several Ninth Circuit cases have referred to California prisoners' grievance procedures as not specifying the level of detail necessary and instead requiring only that the grievance "describe the problem and the action requested." See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (quoting Cal. Code Regs. tit. 15, § 3084.2); Sapp, 623 F.3d at 824 ("California regulations require only that an inmate 'describe the problem and the action requested.' Cal. Code Regs. tit. 15, § 3084.2(a)"); Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (when prison or jail's procedures do not specify the requisite level of detail, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought' "). Those cases are distinguishable because they did not address the regulation as it existed at the time of the events complained of in Plaintiff's pleading. Section 3084.2 was amended in 2010 (with the 2010 amendments becoming operative on January 28, 2011), and those amendments included the addition of subsection (a)(3). See Cal. Code Regs. tit. 15, § 3084.2 (history notes 11-12 providing operative date of amendment). Wilkerson and Sapp used the pre-2011 version of section 3084.2, as evidenced by their statements that the regulation required the inmate to "describe the problem and the action requested" – a

7

Exhaustion of administrative remedies may occur if, despite the inmate's failure to comply with a procedural rule, prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process. Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016); e.g., id. at 659 (although inmate failed to identify the specific doctors, his grievance plainly put prison on notice that he was complaining about the denial of pain medication by the defendant doctors, and prison officials easily identified the role of pain management committee's involvement in the decision-making process).

IV.     **Discussion**

Defendants seek summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies concerning the March 12, 2015, assault. In support, they submit inmate appeal Log No. CCI-15-00821—the 821-appeal—which was canceled as untimely on April 16, 2015. Defendants also submit inmate appeal Log No. CCI-15-00905—the 905-appeal—which concerned the cancelation of the 821-appeal. Though the 905-appeal proceeded through all three levels of review, Defendants contend that it does not exhaust Plaintiff's administrative remedies because it concerned only the screening of the 821-appeal, not the actual incident underlying that appeal.

After considering Defendants' arguments and reviewing the evidence submitted in support, the undersigned concludes that Defendants have not met their burden of showing that Plaintiff did not exhaust available administrative remedies. The premise of Defendants' argument is that their cancelation of the 821-appeal was proper because it was untimely, having been received by the Appeals Office more than thirty days after the incident at issue. In support, they rely on Cal. Code Regs. tit. 15, § 3084.8(b). This cited statute, however, does not in fact support the Defendants' purported reason for the

---

phrase that does not exist in the version of the regulation in effect in and after 2011. Griffin is distinguishable because it discussed the Maricopa County Jail administrative remedies rather than the CDCR's administrative remedies. Whatever the former requirements may have been in the CDCR and whatever requirements may still exist in other facilities, since January 28, 2011, the operative regulation has required California prisoners using the CDCR's inmate appeal system to list the name(s) of the wrongdoer(s) in their administrative appeals.

8

cancelation of Plaintiff's appeal. Per § 3084.8(b), "an inmate or parolee must *submit* the appeal within 30 calendar days of (1) The occurrence of the event or decision being appealed…[¶]." (Emphasis added.) That is, Plaintiff was only required to *submit* the grievance within thirty calendar days of the alleged assault, or before April 12, 2015. There is nothing in this regulation that supports the Defendants' argument that the Appeals Office must *receive* the grievance by then. To the extent then that Plaintiff's 821-appeal was rejected as untimely in violation of §3084.8(b), the rejection was improper. "If prison officials screen out an inmate's appeals for improper reasons, the inmate cannot pursue the necessary sequence of appeals, and administrative remedies are therefore plainly unavailable." Sapp, 623 F.3d at 823.

The Ninth Circuit in Sapp held that a prison's failure to follow its own procedures creates an exception to the exhaustion requirement. Sapp, 623 F.3d at 823. But to fall within this exception, the inmate must establish "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." Sapp, 623 F.3d at 823–24. The latter requirement has been established in that the cancelation of Plaintiff's 821-appeal was not supported by applicable regulations. The question now is whether Plaintiff's 821-appeal would have sufficed to exhaust all of his claims if it had been pursued through all levels of review. "A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress." Id. at 824.

In the operative pleading, Plaintiff complains that COs Casillas, Moore, Holguin, King, and Lomas assaulted him during an escort to the law library while COs Holland, Kilmer, and Santa Maria watched but failed to intervene. He also complains that COs Gonzales, A. Martinez, Delgado, Barron, Montanez, Mayfield, and Moreno assaulted him during a second incident in a holding cell while COs Bennett, DeLuna, G. Arrellano, and C. Martinez watched but failed to intervene.

9

In the 821-appeal, Plaintiff complained as follows:

> On March 12, 2015, I was handcuffed and escorted to building 6 hallway. At that time, I noticed C.O.'s Moore, King, and Holguin standing there looking angry. C.O. Casillas said what's up now mother fucker and slammed my head into the wall. He and Holguin began punching me in the back of my head while Holguin kept asking, "Who's the bitch now!" I was then brutally beat by all four C.O.'s until I ended up outside in the front of the building. I was hit numerous times across the face with baton. One blow made my eyes roll to the back of my head. At that point C.O. Holguin unleashed a can of pepper spray into my eyes making my vision blurry. Someone tried to break my leg by bending and contorting it. Two C.O.'s escorted me, chicken winged, to dining hall 4 where my head was slammed into the age twice by C.O. J. Gonzales. I was thrown to the floor and beat by C.O.'s Moreno, Delgado, Montanez, Maxfield, and other C.O.'s I do not know their identities. I was kicked in the ribs by C.O. Martinez. All the while, Sergeants Arreleno and Martinez did absolutely nothing to stop this mayhem. I was almost killed by these staff while I was in handcuffs and they numbered approximately 20.

Wood Decl. Ex. A (ECF No. 75-2 at 10-13).

As to the first incident in the hallway, the 821-appeal clearly identifies the role of the following Defendants in the alleged violation of Plaintiff's rights: Casillas, Moore, Holguin, and King. It also references the role of another individual ("Someone tried to break my leg by bending and contorting it"), who has now been identified as Lomas and who would have presumably been identified during the investigation into Plaintiff's grievance. See Reyes, 810 F.3d at 658-59. Plaintiff, however, makes no mention of anyone who witnessed the incident but failed to intervene, giving no indication that any additional individuals would have been identified during the review of the appeal. For this reason, the undersigned finds that Defendants Holland, Kilmer, and Santa Maria, against whom a failure to protect claim has been asserted, must be dismissed for Plaintiff's failure to exhaust administrative remedies as to his claims against them.

Turning to the second incident in the holding cell, the 821-appeal clearly identifies the role of the following Defendants in the alleged violation of Plaintiff's rights: Gonzales, Delgado, Montanez, Mayfield (identified as "Maxfield" in the grievance), Moreno, Arrellano, and one Martinez ("C. Martinez"). Plaintiff also identifies the roles of "Other

10

COs I do not know their identities" who assaulted Plaintiff, opening the door for the identification of the other Martinez ("A. Martinez") and Barron during the review of Plaintiff's grievance. Plaintiff, however, makes no mention of or reference to Bennett or DeLuna as witnesses to the assault, even though he does identify Arrellano and Martinez as witnesses. Accordingly, Defendants Bennett and DeLuna, against whom Plaintiff asserts a failure to protect claim, must also be dismissed for Plaintiff's failure to exhaust administrative remedies.

Based on the foregoing, the undersigned finds that Defendants are entitled to summary judgment on Plaintiff's claims against Holland, Kilmer, Santa Maria, Bennett and DeLuna. Defendants' motion should be denied in all other respects.

**V.     Plaintiff's Motions to Compel**

Also pending before the Court are Plaintiff's motions to compel (ECF Nos. 86, 87), which Defendants oppose. Plaintiff's motions concern two requests for production of documents that were propounded on all of the Defendants.

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013); Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of the Plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino, 747 F.3d at 1170-71; see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

The failure to exhaust is an affirmative defense, and Defendants are entitled to

judgment on Plaintiff's claims against them if the Court determines the claims are unexhausted. Albino, 747 F.3d at 1166. Thus, the pending exhaustion motion has the potential to bring final resolution to this action as to some, if not all, of the Defendants (assuming the District Judge agrees with the undersigned's analysis), obviating the need for merits-based discovery. Gibbs, 2014 WL 172187, at *3. In Albino, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. Albino, 747 F.3d at 1170.

Because Defendants' motion for summary judgment is based solely on the ground that Plaintiff failed to exhaust the administrative remedies, any discovery requests related to the underlying merits of the complaint is outweighed by Defendants' burden in responding to discovery requests that may not be necessary if the motion for summary is granted. Therefore, all merits-based discovery is stayed pending resolution of Defendants' motion for summary judgment. In light of this ruling, Plaintiff's motions to compel will be denied without prejudice to their renewal following resolution of Defendants' motion.

**VI. Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application for extension of time to file an opposition (ECF No. 78) is GRANTED. Plaintiff's opposition is deemed timely filed;
2. Plaintiff's motions to compel (ECF Nos. 86, 87) are DENIED without prejudice to their renewal pending resolution of Defendants' motion for summary judgment;
3. All merits-based discovery is STAYED pending resolution of Defendants' motion for summary judgment; and

IT IS HEREBY RECOMMENDED that Defendants' motion for summary judgment for failure to exhaust administrative remedies (ECF No. 75) be GRANTED IN PART. Summary judgment be entered for Defendants Holland, Kilmer, Santa Maria, Bennett

12

and DeLuna, and the motion be denied in all other respects.

These findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: January 18, 2018          /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE