| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY | CASE NO. 1:15-cv-00768-DAD-MJS (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS NON-COGNIZABLE CLAIMS** |
| v. | |
| A. HOLGUIN, et al., | (ECF No. 15) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) He has consented to Magistrate Judge jurisdiction. (ECF No. 11.) Defendants declined to consent to Magistrate judge jurisdiction. (ECF No. 47.)

On November 19, 2015, the Court screened Plaintiff's second amended complaint (ECF No. 15) and found it states cognizable Eighth Amendment excessive force claims against Defendants Casillas, Holguin, Moore, King, Lomas, Gonzales, A. Martinez, Delgado, Barron, Montanez, Mayfield and Moreno and cognizable failure to intervene claims against Defendants Arellano, Deluna, C. Martinez, Bennett, Holland, Kilmer,

Lomas and Santa Maria. (ECF No. 17.) Plaintiff's claim for injunctive relief was dismissed.

## I.    Williams v. King

Federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt arises as to [its] existence[.]" Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted). On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil claim. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court held that a Magistrate Judge does not have jurisdiction to dismiss a claim with prejudice during screening even if the plaintiff has consented to Magistrate Judge jurisdiction. Id.

Here, Defendants were not yet served at the time that the Court screened the second amended complaint and therefore had not appeared or consented to Magistrate Judge jurisdiction. Because Defendants had not consented, the undersigned's dismissal of Plaintiff's claim for injunctive relief is invalid under Williams. Because the undersigned nevertheless stands by the analysis in his previous screening order, he will below recommend to the District Judge that the non-cognizable claims be dismissed.

## II.    Findings and Recommendations on Second Amended Complaint

### A.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon

2

which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Pleading Standard**

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**C.    Plaintiff's Allegations**

Plaintiff names as Defendants Correctional Officers A. Holguin, C. Casillas, D. King, V. Moore, J. Gonzales, A. Martinez, S. Lomas, O. Delgado, E. Barron, Montanez, Mayfield, Moreno, Kilmer, Santa Maria, Holland, C. Martinez, G. Arellano, and nurses Bennett and Deluna.

Plaintiff's claims may be summarized essentially as follows:

Plaintiff submitted a grievance to Warden Holland[1] addressing California Correctional Institution at Tehachapi's ("CCI") conditions of confinement. Defendants Casillas and King questioned Plaintiff about the grievance and told him that he should not "under any circumstances" have gone over their heads to complain about conditions. Plaintiff said he did not want to cause trouble, and that he would not file any more grievances. When interviewed by Lieutenant D. Calvillo about his grievance, Plaintiff informed him that he was being harassed. D. Calvillo took no action.

On March 5, 2015, as Plaintiff was being returned to his cell, Defendant Holguin taunted Plaintiff about his grievance-filing activities, calling him "Deputy LaKeith." Correctional Officer Barbosa stated, "Hurry up and get back to the housing unit so McCoy can write those complaints!" Defendant Casillas was present for these statements.

Plaintiff's cell had been searched and left in disarray in Plaintiff's absence. When Plaintiff asked Defendant Casillas who had searched the cell, Defendant responded, "Nobody searched your fucking cell, you little bitch!" He then slammed the tray slot, yelling, "You're a fucking cell soldier, you're going to get yours!"

On March 12, 2015, Defendant Casillas began escorting Plaintiff to the library. Plaintiff followed all policies and rules during the escort. There were no other inmates around to threaten the safety of Defendant. In the hall, they encountered Defendants Holguin, Moore, and King. Defendant Casillas swore at Plaintiff and shoved him into the wall. Plaintiff was defenseless. Defendants Holguin and Casillas began punching Plaintiff in the back of the head. Holguin yelled, "Who's the bitch now?" Plaintiff was handcuffed and could not defend himself. Defendants Moore and King joined in the beating. All four Defendants punched Plaintiff and hit him with their batons.

Defendants Holland, Kilmer, Lomas, and Santa Maria came out of Housing Unit 5 and watched the beating. They failed to intervene due to the "code of silence" among correctional officers. (ECF No. 15 at 9.)

---

[1] Warden Holland does not appear to be the same individual as Defendant Holland, a correctional officer at CCI who allegedly saw Plaintiff being beaten and failed to intervene. (ECF No. 15 at 2, 4.)

Plaintiff was struck in the jaw and Holguin sprayed an entire can of pepper spray into Plaintiff's eyes and ears. Plaintiff was never told to get down or prone out, but attempted to do so on his own. Defendant Lomas grabbed Plaintiff's leg, twisting it and bending it backwards. Defendants Bennett and Deluna arrived with medical equipment. Defendants Gonzales and A. Martinez raised Plaintiff's handcuffed arms above his head and dragged him by his arms a distance of 10-15 yards, causing pain and putting him at risk of breaking his arms. Defendants Deluna and Bennett looked on, laughing.

Defendant Gonzales shoved Plaintiff into a holding cell, slamming Plaintiff's head against the back of the cell; then grabbed him and slammed his head a second time against the cell wall. Defendants G. Arellano, C. Martinez, Deluna and Bennett stood by and watched and failed to intervene. Someone pulled Plaintiff out of the cell once more and threw him to the ground. Defendants Delgado, Barron, Montanez, Mayfield and Moreno punched Plaintiff repeatedly. Defendant A. Martinez kicked Plaintiff in the ribs.

Plaintiff cried out, "I didn't do anything!" Defendant Arellano responded, "If we let up, will you be cool and not try to retaliate?" Plaintiff agreed.

Plaintiff waited between 30 minutes and an hour before he was seen by Defendant Bennett. She said, "I'm not worried about no inmate, only custody!"

Medical staff failed to properly treat Plaintiff. Plaintiff had bruising, swelling, cuts and abrasions over most of his body. He was partially blinded for three weeks from the pepper spray and continues to suffer tinnitus, dry eyes, knee pain, jaw problems, ringing ears, muscle strains, and untreated head trauma.

Defendants filed a false report against Plaintiff for the incident. The matter was eventually taken up by Internal Affairs.

Defendants A. Holguin, C. Casillas, D. King, V. Moore, J. Gonzales, A. Martinez, S. Lomas[2], O. Delgado, E. Barron, Montanez, Mayfield, and Moreno violated Plaintiff's Eighth Amendment right to be free from excessive force. Defendants C. Martinez, G.

---

[2] Plaintiff alleges that Defendant Lomas initially failed to intervene and then actually participated in the beating. The Court will analyze both theories of liability below.

Arellano, Kilmer, Santa Maria, Holland, Bennett, and Deluna violated Plaintiff's rights by failing to intervene and stop the assault.[3]

Plaintiff seeks damages and costs, an order requiring the Attorney General to investigate the matter, and retention of jurisdiction until the unconstitutional policies and practices no longer exist or will not reoccur.

### D. Analysis

#### i. Excessive Force

To state an excessive force claim, a plaintiff must allege facts to show that the use of force involved an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Whether the force applied inflicted unnecessary and wanton pain turns on whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley, 475 U.S. at 321.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotation marks omitted); see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries).

Plaintiff has stated an Eighth Amendment excessive force claim against Defendants Casillas, Holguin, Moore, King, Lomas, Gonzales, A. Martinez, Delgado,

---

[3] In the Court's prior screening order, the Court advised Plaintiff to link unnamed Defendants and of the elements for stating retaliation and medical indifference claims. (ECF No. 13.) Plaintiff's SAC reiterates that he is only alleging excessive force and failure to protect claims. (ECF No. 15 at 16-17.)

Barron, Montanez, Mayfield and Moreno. Plaintiff alleges that Defendant Casillas shoved him into the wall. Defendants Holguin, Moore, and King then joined Defendant Casillas in punching and beating Plaintiff with their batons. Defendant Holguin pepper sprayed Plaintiff. Defendant Lomas attempted to break Plaintiff's leg by twisting it backwards, and Defendants Gonzales and A. Martinez dragged Plaintiff by his arms approximately 10-15 yards, causing him pain. Throughout the beating, Plaintiff remained handcuffed, was obeying orders and no other inmates were around to pose a threat to Defendants. These allegations are sufficient to demonstrate that Defendants' use of force was not applied in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm.

Plaintiff further alleges that Defendant Gonzales twice shoved Plaintiff into a holding cell, slamming Plaintiff's head against the back of the cell. Defendants Delgado, Barron, Montanez, Mayfield and Moreno then punched Plaintiff repeatedly, and Defendant A. Martinez kicked Plaintiff in the ribs. The beating did not stop until Plaintiff stated he would not retaliate, *i.e.* report the beating. These allegations are also sufficient to demonstrate said Defendants acted maliciously to cause harm.

### ii.     Failure to Protect

To establish a violation of a prison official's duty to take reasonable steps to protect inmates from physical abuse, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. Farmer, 511 U.S. at 834. "Mere negligence is not sufficient to establish liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a plaintiff must set forth facts to show that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. To prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842.

Plaintiff has stated an Eighth Amendment failure to intervene claim against Defendants Arellano, Deluna, C. Martinez, Bennett, Holland, Kilmer, Lomas and Santa Maria. Defendants Holland, Kilmer, Lomas, and Santa Maria watched Defendants Casillas, Holguin, Moore, and King beat Plaintiff. Plaintiff alleges that any reasonable person seeing the beating would know of the serious risk to Plaintiff and that the use of force was excessive. Due to the severity of the beating, Plaintiff could not call out for assistance. However, Defendants failed to intervene due to a "code of silence." These allegations are sufficient to state a claim against these Defendants.

Defendants Deluna and Bennett watched and laughed as Defendants Gonzales and A. Martinez dragged Plaintiff to a holding cell. They, along with Defendants Arellano and C. Martinez, continued to stand by and do nothing as Defendant Gonzales threw Plaintiff into a holding cell and slammed his head against the wall. Defendants had the ability to intervene but failed to do so. These allegations too are sufficient to demonstrate Defendants knew of the serious risk of harm to Plaintiff and chose to ignore it.

### iii.    Injunctive Relief

Plaintiff seeks an order requiring the Attorney General to investigate the allegations of this case.

The Court does not have jurisdiction to order injunctive relief which would require directing parties not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). The Court therefore cannot order the Attorney General to take action. Furthermore, the request for investigation is outside the scope of relief available in this action. See 18 U.S.C. § 3626(a)(2).

The claim for injunctive relief should be dismissed.

### III.    Conclusion

In sum, Plaintiff's first amended complaint states Eighth Amendment excessive

force claims against Defendants Casillas, Holguin, Moore, King, Lomas, Gonzales, A. Martinez, Delgado, Barron, Montanez, Mayfield and Moreno and failure to intervene claims against Defendants Arellano, Deluna, C. Martinez, Bennett, Holland, Kilmer, Lomas and Santa Maria. Accordingly, IT IS HEREBY RECOMMENDED that this action continue to proceed only on Plaintiff's Eighth Amendment excessive force claims against Defendants Casillas, Holguin, Moore, King, Lomas, Gonzales, A. Martinez, Delgado, Barron, Montanez, Mayfield and Moreno and his failure to intervene claims against Defendants Arellano, Deluna, C. Martinez, Bennett, Holland, Kilmer, Lomas and Santa Marias;[4] and that Plaintiff's claim for injunctive relief be DISMISSED with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   February 22, 2018          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

---

[4] Presently pending before the District Judge are findings and recommendations to grant summary judgment in favor of Defendants Holland, Kilmer, Santa Maria, Bennett and DeLuna based on Plaintiff's failure to exhaust administrative remedies against them. (ECF No. 91.) The recommendation herein is based solely on the pleading and does not affect the recommendation that summary judgment be granted in favor of these defendants.