UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY,<br><br>                     Plaintiff,<br><br>     v.<br><br>HOLGUIN, *et al*.,<br><br>                     Defendants. | Case No.   1:15-cv-00768-DAD-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTIVE RELIEF[1]<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>(Doc. No. 145)<br><br>ORDER DIRECTING CLERK TO SERVE ORDER ON LITIGATION COORDINATOR |

Pending review before the court is plaintiff's motion for emergency injunctive relief. (Doc. No. 145). For the reasons stated below, the undersigned recommends that the court deny plaintiff's motion for injunctive relief. However, the court will advise the litigation coordinator at plaintiff's place of incarceration of his claim that he has been denied access to the law library.

I.   BACKGROUND & FACTS

Plaintiff Lakeith L. McCoy, a state prisoner, initiated this action on May 20, 2015 by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 against defendants. (Doc. No. 1). The operative complaint for this suit is plaintiff's second amended complaint, filed October 26, 2015. (Doc. No. 15). The complaint alleges that certain named defendants used excessive force

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

against plaintiff when they beat him and that other identified defendants failed to protect plaintiff from the beating. (*See generally id.*). The case is scheduled for a trial setting conference on May 17, 2021. (Doc. No. 143).

In the instant motion, plaintiff points to various acts all of which he alleges are being done for retaliatory purposes due to his seeking civil relief through a Kern County Superior Court lawsuit. (Doc. No. 145 at 3-5). Specifically, plaintiff complains that he was wrongfully put into an administrative segregation unit on two occasions, that he has had trouble receiving his legal mail, that he was wrongfully issued rules violation reports, and that he was wrongfully subjected to a strip search and a search of his cell which resulted in the loss of some of his legal documents. (*See generally id.*). Plaintiff seeks a transfer to a different prison due to these alleged actions of retaliation from prison staff. (*Id.* at 5, ¶ 13). Plaintiff acknowledges the incidents of which he complains are not the subject of his current operative complaint. (*Id.* at 3, ¶ 3).

II.   APPLICABLE LAW

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions, with the exception that preliminary injunctions require notice to the adverse party. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,* 181 F.Supp.2d 1111, 1126 (E.D. Ca. 2001); *see also* Fed. R. Civ. P. 65(a). Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date. L.R 231 (a)-(b) (E.D. Ca. 2019). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."

2

*Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A temporary restraining order, is "an extraordinary remedy" and may be issued only if plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff bears the burden of clearly satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A TRO will not issue if plaintiff merely shows irreparable harm is possible – a showing of likelihood is required. *Id.* at 1131.

The injunctive relief an applicant requests must relate to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff any relief. *Id.* at 636.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr.*, 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000). The court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the

claims before it." *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020).  If a prisoner has been transferred, any sought injunctive relief against the previous facility becomes moot if the prisoner "has demonstrated no reasonable expectation of returning to [the prison]." *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991); *Florence v. Kernan*, 813 F. App'x 325, 326 (9th Cir. 2020).  Finally, state governments have "traditionally been granted the widest latitude in the dispatch of [their] own internal affairs." *Rizzo v. Goode*, 423, U.S. 362, 378 (1976) (citations omitted).  This deference applies even more strongly when the court is asked to involve itself in the administrative decisions of a prison.  *See Turner v. Safely*, 482 U.S. 78, 85 (1987); *Sandin v. Conner*, 515 U.S. 472, 482-83 (1995).

III.   ANALYSIS

    a.  Claims for Injunctive Relief

As an initial matter, the complaint does not raise any claims concerning the alleged acts of retaliation by prison staff.  (*See generally* Doc. No. 15).  Because these claims were not pled in the complaint, the court has no authority to issue an injunction addressing these claims.  *See Pac. Radiation Oncology, LLC*, 810 F.3d at 633.  Further, plaintiff makes no assertion that the named defendants in this suit are the same individuals who are currently retaliating against him.  The court does not have jurisdiction over nonparties in this case, such as unspecified prison administrative staff.  Thus, the court does not have authority to issue the requested injunctive relief sought.  *Zepeda*, 753 F.2d at 727.  To the extent plaintiff believes he is being subjected to retaliatory actions as a result of his filing of a lawsuit, his proper remedy is to file a civil rights complaint under 42 U.S.C. § 1983, after he has exhausted is administrative remedies within the California Department of Corrections and Rehibition.  Therefore, the court recommends that plaintiff's request for injunctive relief be denied.

    b.  Law Library Access

In his motion for injunctive relief, plaintiff also states that he has been denied law library access for approximately one year.  (Doc. No. 145 at 3-4).  As an initial matter, the complaint does not raise any claims concerning plaintiff's access to the law library.  (*See generally* Doc. No. 15); *see Pac. Radiation Oncology*, 810 F.3d at 633.  Further, plaintiff makes no assertion that the

4

named defendants have any authority over the law library. Plaintiff is informed that the court has no jurisdiction over nonparties in this case, such as prison library staff, and cannot order prison personnel to provide him library access. *Zepeda*, 753 F.2d at 727. Thus, the court does not have authority to issue the requested injunctive relief sought and recommends that plaintiff's request for injunctive relief be denied.

To the extent plaintiff's limited access to the law library is impeding his ability to prosecute this case, plaintiff has other options than seeking injunctive relief. He may seek an extension of time with the court to comply with a court-ordered deadline or he may attach a copy of this court's order to his request to access the law library to demonstrate that the litigation of this case is ongoing. A review of the docket reveals that plaintiff is not currently under any court-ordered deadline in this case. However, as a courtesy, the court will advise the litigation coordinator at Kern Valley State Prison of plaintiff's complaint to ensure that plaintiff is afforded adequate opportunities to access the law library, to the extent that doing so is consistent with institutional order and security. *See Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."). The clerk's office will be directed to serve a copy of this order on the litigation coordinator.

Accordingly, it is ORDERED:

The clerk of court is directed to serve a copy of this order on the litigation coordinator at Kern Valley State Prison.

Further, it is RECOMMEDED:

Plaintiff's motion for injunctive relief (Doc. No. 145) be DENIED.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   April 9, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE