UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY,<br><br>    Plaintiff,<br><br>    v.<br><br>A. HOLGUIN, ET AL.,<br><br>    Defendants. | Case No. 1:15-CV-768-DAD-HBK (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>Doc. No. 144 |

Pending before the Court is plaintiff's motion to appoint counsel, filed March 29, 2021. (Doc. No. 144). Plaintiff, who is proceeding *pro se*, is proceeding on his Second Amended 42 U.S.C. § 1983 Complaint raising Eighth Amendment violations stemming from alleged use of excessive force and failure to intervene claims. (Doc. No. 15). Plaintiff, as a three-striker, paid the filing fee, as directed by the Court, and is not proceeding *ifp* in this action. (Doc. No. 61).[1] A settlement conference held on February 26, 2012 before the undersigned reached an impasse. (Doc. No. 142). Due to the continuing Covid-19 pandemic, the jury trial set for June 15, 2021 was vacated, however the Court did set this case for a trial setting by teleconference on May 17, 2021. (Doc. No. 143).

---

[1] Despite paying the filing fee, plaintiff nonetheless is indigent.

1

Plaintiff seeks appointment of counsel stating exceptional circumstances. (Doc. No. 144 at 3). Plaintiff identifies, *inter alia*, the following circumstances in support of his motion: (1) he has stated a claim; (2) the trial date set for June 15, 2021 has been vacated; (3) the pandemic has impacted his ability to prosecute this case and resulted in numerous deadlines being reset over plaintiff's objections; (4) he has limited, meaningful access to the law library due to Covid restrictions; (5) he will be transferred to another penal institution; (6) the state court dismissed the criminal case that defendants were relying on to raise *Heck v. Humphrey* based affirmative defenses to his excessive force claim. (*See id.* at 3-4).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this Court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The Court may consider many factors including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved, to determine if exceptional circumstances warrant appointment of counsel. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

As noted above, the matter is currently scheduled for a trial setting on May 17, 2021 at 1:30 p.m. before District Judge Dale A. Drozd by telephone because the federal courts in the Eastern District of California remain closed until June 2021. While this case does not yet have a trial date scheduled, multiple attempts to resolve this matter through settlement have reached an impasse and trial is on the horizon. Additionally, the court confirmed upon review of the Superior Court of Kern County webpage, as plaintiff represents in the instant motion, that the state court dismissed

plaintiff's related pending criminal case on March 22, 2021. *See State v. McCoy*, Case No. MF012024A (Superior Court, Kern County). Based on the procedural posture of this case, the court finds exceptional circumstances and the interests of justice warrant the appointment of counsel for purposes of the trial setting and for trial in this case. The Court always encourages the parties to continue settlement negotiations and is willing to reschedule this case for another settlement conference in the interim period. If the parties believe a settlement conference may be mutually beneficial, defendants may contact chambers within seven (7) days from the date on this order.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion for the appointment of counsel (Doc. No. 144) is **GRANTED** for the limited purposes of trial, including the trial setting scheduled to occur on May 17, 2021 if counsel can be timely identified.

2. The Clerk of Court shall ensure a copy of this order is provided to Sujean Park Castelhano.

3. Defendants may contact Courtroom Deputy Kirstie Dunbar-Kari at kdunbar-kari@caed.uscourts.gov within seven (7) days from the date on this order, if they wish the Court to schedule a settlement conference in the interim period.

IT IS SO ORDERED.

Dated:   April 13, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3