UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. HOLGUIN, et al.,<br><br>　　　　　Defendants. | No. 1:15-cv-00768-DAD-HBK (PC)<br><br>ORDER GRANTING MOTION TO WITHDRAW AS PRO BONO COUNSEL, DENYING PLAINTIFF'S MOTION TO APPOINT NEW COUNSEL, AND REFEERRING CASE TO ADR COORDINATOR TO SCHEDULE SETTLEMENT CONFERENCE<br><br>(Doc. Nos. 161, 162) |

This matter is before the court on the motion to withdraw as plaintiff's counsel of record filed by court-appointed *pro bono* attorney Jack Duran Jr. on September 8, 2021 and on the *pro se* motion to appoint new counsel filed by plaintiff on September 20, 2021. (Doc. Nos. 161, 162.) For the reasons explained below, the court will grant attorney Duran's motion to withdraw as plaintiff's counsel of record and deny plaintiff's motion for the appointment of new counsel.

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court. "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No.

1

3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. 1:07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

In the pending motion to withdraw as counsel, attorney Duran asserts that his attorney-client relationship with plaintiff has been "irrevocably broken" and that plaintiff terminated his representation in this matter due to "conflicts and irreconcilable differences." (Doc. No. 161 at 2.) Plaintiff did not file an opposition to his *pro bono* counsel's pending motion to withdraw.[1] Instead, plaintiff filed a motion requesting that the court appoint new counsel to represent him *pro bono* in this case. (Doc. No. 162.) Therein, plaintiff states that attorney Duran cannot adequately represent him because there is a conflict of interest, and they are not in agreement on how to proceed in litigating this case. (*Id.* at 3–4.)

Having considered the relevant factors, including the compelling reasons for withdrawal, the court will grant attorney Duran's motion to withdraw as counsel of record for plaintiff in this case.

However, the court will deny plaintiff's motion to appoint new counsel. As plaintiff was previously advised, "[t]he United States Constitution does not require appointment of counsel in

---

[1] Defendants filed a response to the pending motion to withdraw on September 22, 2021, indicating that they do not oppose the motion to withdraw, but they request that this case proceed to trial as scheduled on November 9, 2021 because they would be prejudiced if the trial is continued again. (Doc. No. 163.) Although the court fully understands defendants' desire to proceed to trial as scheduled, the court's ability to conduct trials in civil cases is severely constrained by the on-going COVID-19 pandemic and the dire judicial emergency in this district. This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district has reached crisis proportion. Unfortunately, that situation remains unaddressed for over twenty months now and has left the undersigned currently presiding over 1,300 civil cases and criminal cases involving 735 defendants. Although the undersigned is conducting jury trials in criminal cases, no civil cases have been able to proceed to jury trial before the undersigned since early February 2020. This situation is frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel. In light of the foregoing, the court will vacate the trial date and refer this case to the court's ADR coordinator to schedule a settlement conference with a magistrate judge as soon as practicable.

1 | civil cases." (Doc. No. 147 at 2) (citing *Lewis v. Casey*, 518 U.S. 343, 354 (1996)). "There is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Id.* The burden of demonstrating exceptional circumstances is on the plaintiff. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Here, although the court previously requested the voluntary assistance of counsel and appointed *pro bono* attorney Duran to represent plaintiff in this action, the court concludes that plaintiff has not shown that exceptional circumstances now exist to support a further appointment of new *pro bono* counsel to represent him in this case.

Accordingly,

1. The motion to withdraw as counsel filed by attorney Duran (Doc. No. 161) is granted;
2. Plaintiff's motion to appoint new counsel (Doc. No. 162) is denied;
3. The trial confirmation status conference set for October 4, 2021 is vacated;
4. The jury trial date of November 9, 2021 is vacated; and
5. The Clerk of the Court is directed to contact Ms. Sujean Park, this court's Alternative Dispute Resolution Coordinator, for the purpose of scheduling a settlement conference in this case at the earliest opportunity.

IT IS SO ORDERED.

Dated:   **September 25, 2021**

UNITED STATES DISTRICT JUDGE