UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY,<br><br>    Plaintiff,<br><br>    v.<br><br>A. HOLGUIN, ET. AL.,<br><br>    Defendants. | Case No.  1:15-cv-00768-DAD-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINTC COUNSEL<br><br>(Doc. No.  166) |

Pending before the Court is Plaintiff's motion to appoint counsel, filed on October 29, 2021. (Doc. No. 166). Plaintiff, who is proceeding *pro se*, is currently incarcerated at Kern Valley State Prison and proceeding on his Second Amended Complaint filed under 42 U.S.C. § 1983 raising Eighth Amendment violations stemming from an alleged excessive use of force and failure to intervene claims. (Doc. No. 15).

On September 27, 2021, the district court granted *pro bono* counsel's motion to withdraw and denied Plaintiff's motion to appoint counsel. (Doc. No. 164). Briefly stated, Plaintiff had a disagreement with appointed *pro bono* counsel, did not oppose his *pro bono* counsel's withdrawal. Plaintiff believed that his attorney could not adequately represent him due to a conflict of interest because they could not agree how to proceed in litigating the case. (*Id.* at 2) (citing Doc. No. 162 at 3-4). In denying Plaintiff's second motion to appoint new *pro bono* counsel, the district court noted that Plaintiff no longer shows exceptional circumstances exist to

1   warrant a new, *pro bono* attorney.  (*Id.* at 3).

2   Plaintiff's renewed motion for appointment of counsel again requests appointment of new *pro bono* counsel.  In support, Plaintiff notes that he successfully defeated summary judgment motions, but argues *inter alia* that: his case is complex; he is not permitted enough time in the library to prosecute his case; many resources are only available electronically and cannot be accessed in a prisoner's cell; he anticipates being transferred to a different correctional institution; and copies of materials are often delayed up to two weeks. (Doc. No. 166 at 2-6).  Although unrelated to his instant motion, Plaintiff belabors his concerns with the prior *pro bono* counsel.

   As Plaintiff was previously advised, the United States Constitution does not require appointment of counsel in civil cases.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181.  The Court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

   Indeed, Plaintiff no longer meets his "burden of demonstrating exceptional circumstances*." Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  Many of the issues Plaintiff raises in the instant motion are circumstances faced by all prisoners litigating civil rights actions.  *Courtney v. Kandel*, 2020 WL 1432991 at *1 (E.D. Cal. Mar. 24, 2020) (noting challenges preparing for trial are ordinary for prisoners pursuing civil rights claim and cannot form the basis for appointment of counsel).  Nor does Plaintiff state that he has attempted

to secure alternative counsel, after *pro bono* counsel was granted leave to withdraw, to no avail. *Gulley v. Dzuenda*, 686 F. Supp. 2d. 173, 174 (D. Conn. Feb. 25, 2010)(denying prisoner-plaintiff subsequent motion to appoint counsel after counsel withdrew when plaintiff made no new attempts to find an attorney).

Plaintiff was previously granted *pro bono* counsel, but due to Plaintiff's disagreements with counsel's litigation strategy, *pro bono* counsel's unopposed motion to withdraw was granted. Volunteer lawyer time is valuable and is a limited commodity.  Considering the record in this case, Plaintiff's position with his prior *pro bono* attorney, and as Plaintiff notes, his success overcoming Defendants' summary judgment motions while proceeding *pro se*, the Court finds Plaintiff has not demonstrated exceptional circumstances.  Indeed, Plaintiff has demonstrated his ability to proceed *pro se* in this case. *See Barnes v. Alves*, 10 F. Supp. 3d 382 (W.D. N.Y. March 20, 2014) (denying subsequent motions to appoint counsel after prior *pro bono* counsel withdrew due to plaintiff's treatment of *pro bono* counsel).

Accordingly, it is **ORDERED**:

Plaintiff's motion to appoint counsel (Doc. No. 166) is DENIED.

Dated:     November 10, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE