UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH MCCOY,<br><br>    Plaintiff,<br><br>    v.<br><br>A. HOLGUIN, ET. AL.,<br><br>    Defendants. | Case No. 1:15-cv-768-DAD-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br>(Doc. No. 170) |

Pending before the Court is Plaintiff's motion for sanctions filed November 19, 2021. (Doc. No. 170). Plaintiff requests unspecified sanctions in relation to a prior settlement conference conducted by the undersigned via Zoom. (*Id.* at 1). Plaintiff states he never saw defendants on the Zoom call and therefore posits Defendants did not participate in good faith to settle the case. (*Id.* at 3).

Plaintiff, who is proceeding *pro se*, is currently incarcerated at Kern Valley State Prison and proceeding on his Second Amended Complaint filed under 42 U.S.C. § 1983 raising Eighth Amendment violations stemming from an alleged excessive use of force and failure to intervene claims. (Doc. No. 15). The undersigned conducted a Zoom settlement conference on February 26, 2021. (*See* Doc. No. 142). Both Plaintiff and Defendants appeared by Zoom. (*Id.*). Although Plaintiff may not have seen Defendants on the Zoom video conference, as explained by the undersigned during the introductory explanation, separate caucusing in separate Zoom rooms

during settlement conferences is common practice depending on the facts and circumstances of each case.  Therefore, the sanctions Plaintiff seeks against Defendants in this case in relation to the February 26, 2021 settlement conference is not appropriate here.  *See Manago v. Davey*, 2018 WL 6788041 (E.D. Cal. Dec. 26, 2018) (denying a plaintiff's motion for Rule 11 sanctions in relation to a settlement conference).

Accordingly, it is **ORDERED**:

Plaintiff's motion for sanctions (Doc. No. 170) is DENIED.

Dated:    November 23, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE