1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | LAKEITH L. MCCOY,                          Case No.  1:15-cv-00768-DAD-HBK (PC)

12 |             Plaintiff,                      ORDER GRANTING DEFENDANTS'
                                                 MOTION TO FILE LATE ANSWER
13 |     v.
                                                 ORDER MOOTING PLAINTIFF'S MOTION
14 | A. HOLGUIN, C. CASILLAS, D. KING,          FOR DEFAULT AND COURT-ORDERED
    V. MOORE, J. GONZALES, A.                    JUDGMENT
15 | MARTINEZ, S. LOMAS, O. DELGADO,
    E. BARRON, FNU MONTANEZ; FNY                 ANSWER DUE WITHIN TWENTY-ONE
16 | MAYFIELD, FNU MORENO, C.                     DAYS
    MARTINEZ, G. ARELLANO, HOLLIS
17 | BENNET,,                                    (Doc. Nos.  177, 180)

18 |             Defendants.

19

20          Pending before the Court is Plaintiff's motion for entry of a default and request for

21 judgment, filed on February 4, 2022.  (Doc. No. 177).  Defendants oppose the motion. (Doc. No.

22 181).  Relatedly, Defendants filed a motion to file a late answer on February 18, 2022.  (Doc. No.

23 180).  Plaintiff opposes.  (Doc. No. 181).  For the reasons set forth below, the Court grants

24 Defendants' motion to file belated answers and moots Plaintiff's motion for default and

25 incorporated motion for court-ordered judgment.

26                       **I. Factual and Procedural Background**

27          In 2015, Plaintiff initiated this case as a prisoner proceeding pro se by filing a prisoner

28 civil rights complaint under 42 U.S.C. § 1983.  Plaintiff proceeds on his second amended

1   complaint.  (Doc. No. 15).   Recent docket activity reflects a status conference with the parties on

2   June 28, 2021 and an order directing the parties attend a settlement conference on December 15,

3   2021.  (Doc. Nos. 165).  The settlement conference was vacated due to Plaintiff's notice of non-

4   participation in settlement conference.  (Doc. Nos. 168, 174).

5          In the motion for entry of a Clerk's default, Plaintiff notes that service of process of his

6   second amended complaint was completed via email on Defendants Martinez and Montanez on

7   October 4, 2016.  (Doc No. 177 at 1).  Because neither Martinez nor Montanez have answered the

8   second amended complaint, Plaintiff requests that the Court direct the Clerk to enter default

9   against Defendants.  (*Id.* at 1-2).  Plaintiff further requests the Court to enter default and enter a

10  damages award of approximately 4.5 million dollars.  (*Id.* at 2).

11         Defendants Martinez and Montanez oppose Plaintiff's motion.  (*See generally* Doc. No.

12  181).  Defendants request the Court deny both Plaintiff's request for Clerk's default and default

13  judgment and submit that they both have been actively participating in litigating this action, but

14  mistakenly did not file an answer.  (*Id.* at 1-2).  Defendants argue that cases should be decided on

15  the merits.  (*Id.*).

16         Also pending is Defendants' motion for leave to file a late answer raising excusable

17  neglect.  (Doc. Nos. 180 at 1-2, 181-1 at 2).  Seventeen Defendants answered on April 13, 2016,

18  but Montanez and Martinez did not receive service for another six months, or until October 2016.

19  (Doc. No. 181 at 1, 4).  Montanez and Martinez then moved to dismiss and revoke Plaintiff's *in*

20  *forma pauperis* status. (*Id.* at 1).  After the Court denied Defendants' motion to dismiss,

21  Defendants acknowledge they should have answered around May 2017, but inadvertently failed

22  to do so and instead proceeded with the litigation as if they had answered.  (*Id.* at 2).  Defendants

23  note no prejudice to Plaintiff, or delay in the proceedings, because they have proceeded to date as

24  if they did answer.  (*Id.*).

25         In opposition, Plaintiff notes Defendants filed a motion to dismiss in attempt to "obviate

26  the need to file an answer." (Doc. No. 182 at 2).  Plaintiff contends Defendants' failure to file an

27  answer was done for "tactical reasons." (*Id.*).  Plaintiff further argues that while Defendants

28  address the requisite elements under *Pioneer*, they do not address element 3, the reason for the

2

1   delay.  (*Id.* at 3)(citing *Pioneer v. Andrews*, 389 F.3d 859-860 (9th Cir. 2004)).

2   ## II.  Applicable Law and Analysis

3     The Ninth Circuit has ruled that the standard for excusable neglect is the same when

4   considering the concept under either Rule 6, Fed. R. App. P. 4(a)(5), Rule 60(b), and Bankruptcy

5   Rule 9006(b).  *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).  To

6   determine whether a party's neglect of a deadline is "excusable," the Court should consider all

7   relevant circumstances concerning the party's omission.  *Pioneer Inv. Serv. v. Brunswick Assoc.*

8   *Ltd.*, 507 U.S. 380, 396 (1993).   Courts must consider the following factors: (1) danger of

9   prejudice to the non-moving party; (2) length of delay and potential impact on the proceedings;

10   (3) the reason for the delay, including whether it was within the reasonable control of the movant;

11   (4) whether the moving party's conduct was in good faith.  *Id.* at 395.  The weighing of the

12   *Pioneer* factors is equitable and left to the discretion of the district court in every case.  *Pincay v.*

13   *Andrews*, 389 F.3d 853, 855 (9th Cir. 2004)(en banc).

14     Here, considering the totality of the circumstances, it is equitable to permit Defendants

15   Montanez and Martinez to file their answers and affirmative defenses.  Plaintiff will not suffer

16   prejudice by Defendants Montanez and Martinez's belated answer because seventeen other

17   Defendants have already answered in this action.  Montanez and Martinez have proceeded to date

18   in this litigation as if they had filed an answer in May 2017, actively participating in all aspects of

19   the litigation.  Permitting them to answer now will have little to no impact on the proceedings.

20     Contrary to Plaintiff's assertion that Defendants do not address the reason for the delay in

21   answering—Defendants explain it was an oversight and the deadline was not calendared

22   following the denial of their motion to dismiss.  Notably, Plaintiff delayed moving for default for

23   more than two years when a request for entry of default must be made promptly.  *See Harvey v.*

24   *United States*, 685 F.3d 939, 946 (10th Cir. 2012)(finding plaintiff waived entry of default

25   judgment by waiting more than two years during activate litigation to move, a day after

26   defendants filed a late answer)(citing *Kontrick v. Ryan*, 540 U.S. 443, 458 (2004)("[F]orfeiture is

27   the failure to make the timely assertion of a right.")(quotations omitted)).

28     Because the Court grants Defendants' motion to file a belated answer, it follows that

Plaintiff's motion for default and incorporated motion for court-ordered judgment against these Defendants is moot.  A court ordered judgment cannot be entered anyway until a clerk's default has been entered and served upon the defaulted party, which has not happened in this case.  *See* Fed. R. Civ. P. 55(b)(2); *see also J&J Sports Productions, Inc. v. Martinez*, No. 1:14-cv-01578-KJM-BAM, 2015 WL 4643144, * 4 (E.D. Cal. Aug. 4, 2015)(findings and recommendations to grant defendant's motion to set aside Clerk's entry of default and order denying plaintiff's motion for default judgment as moot).  Moreover, cases should be decided on their merits whenever reasonably possible.  *See Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)(noting preference for ruling on the merits and setting aside the entry of default judgments when defendants have a meritorious defense and timely sought relief from default judgment).  Considering default judgments are ordinarily disfavored and courts' preferences for ruling on the merits, this case does not warrant a departure from these presumptions.

Accordingly, it is **ORDERED**:

1.  Defendants' motion to file a belated answer (Doc. No. 180) is GRANTED. Defendants Montanez and Martinez shall file their Answers and Affirmative Defenses within twenty-one (21) days from the date on this order.

2.  Plaintiff's motion for default and court-ordered default judgment (Doc. No. 177) are MOOT.


Dated:   June 30, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4