UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH MCCOY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>A. HOLGUIN, ET. AL.,<br><br>　　　　　Defendants. | Case No. 1:15-cv-00768-DAD-HBK (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT<br><br>ORDER DENYING WITHOUT PREJUDICE MOTION TO SET TRIAL DATE<br><br>(Doc. No. 175, 176) |

Pending before the Court is Plaintiff's motion to set a trial date, filed January 4, 2022. (Doc. No. 175). Defendants file a motion noting no opposition to setting a trial date, but request leave to file a motion for summary judgment within sixty days of the date on the order. (Doc. No. 176). Plaintiff opposes. (Doc. No. 178). For the reasons set forth below, the Court grants Defendants' motion for leave to file a motion for summary judgment within sixty days and denies without prejudice the motion to set a trial date.

**BACKGROUND**

Plaintiff proceeds in this action on his second amended complaint filed as a pro se prisoner. (Doc. No. 15, "SAC"). According to the SAC, Defendants violated Plaintiff's Eighth Amendment rights by using excessive force on March 12, 2015 at California Correctional Institution, Tehachapi. (*See* Doc. Nos. 115, 116). Plaintiff also pursues failure to intervene claims against Defendants. (*Id.*). Related to the same incident, Plaintiff received disciplinary

reports for attacking a correctional officer and possession of a weapon, for which he faced criminal prosecution before a California court. (Doc. No. 116 at 2, 6).

In the instant motion, Plaintiff requests that the Court set a trial date. (*See generally* Doc. No. 175). Plaintiff claims repeatedly, over his objections, trial dates have been "vacated and reset to either accommodate the Defendants with a defense from a criminal matter or for reasons unknown to me by the Court." (*Id.* at 2). Plaintiff further claims Defendants have "made repeated applications and/or motions to the Court to advance the trial date, which have been granted." (*Id.*). Plaintiff states his last trial date was vacated for a settlement conference that "never took place." (*Id.* at 3). Plaintiff states he wants his trial to proceed so he can "root out and expose Government oppression." (*Id.*).

Defendants' opposition and cross-motion clarifies that to the extent Plaintiff faults defense counsel, or the Court, for delay in this case, the delay was caused first by Plaintiff being prosecuted criminally because of incidents at issue in the SAC, then due to delay with the Covid-19 pandemic and Eastern District Judicial Emergency, and most recently delayed due to the irreconcilable differences Plaintiff had with his court-appointed counsel. (Doc. No. 176 at 4).

Regarding a motion for summary judgment, Defendants note that many of the fifteen-named Defendants were not presented when the incident at issue in the SAC is alleged to have occurred and one Defendant was not even working on that day. (Doc. No. 176 at 2). Thus, in consideration of the Court's calendar and scheduling the trial, Defendants request permission to file a motion for summary judgment within sixty days in effort to potentially shorten trial, or make trial "more manageable." (*Id.*). Defendants apologize that a summary judgment motion was not filed earlier and note a change of counsel occurred in the case. (*Id.* at 3-4).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 1 requires that the court and the parties secure "the just, speedy, and inexpensive determination of every action." *Id.* Federal Rule of Civil Procedure 6(b) provides for extending deadlines for good cause shown, if the request to extend time is made before the original time, or its extension expires; or, on a motion made after the time has expired, if the party failed to act because of excusable neglect. Additionally, Federal Rule of Civil

Procedure 16(b)(4) permits a court to modify a scheduling order for good cause shown and with the judge's consent. Good cause requires less than manifest injustice but a focus on the diligence of the moving party and that party's reasons for seeking modification are the court's focus in determining whether to permit an enlargement of time. *Stoddart v. Express Services*, 2017 WL 3333994 *1-*2 (E.D. Ca. August 4, 2017) (other citations omitted). "A scheduling order is not 'a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Id.* at 1 (other citations omitted).

Here, the Court finds good cause to modify the existing scheduling order. Defendants correctly recount the factors contributing to the delay in this case.[1] (*See generally* Doc. No. 176). It has long been published that the Eastern District of California faces a judicial emergency. (*See e.g.* Doc. No. 164 at 2, n. 1). While the deadline for filing dispositive motions as set forth in the discovery and scheduling order has indeed passed (*see* Doc. No. 108), Plaintiff's criminal trial related to the incidents at issue in this action were recently dismissed just shy of one year ago, or on March 22, 2021. (Doc. No. 176 at 2, n. 1). *See Wallace v. Kato*, 549 U.S. 384, 393-94 (recognizing courts often stay the § 1983 civil action until the criminal case, or the likelihood of a criminal case, has ended). Considering the somewhat recent termination of Plaintiff's related criminal trial and the totality of the circumstances in this case, the Court finds good cause and it in the best interests of justice to reopen the deadline for filing motions for summary judgment for a limited period.

Accordingly, it is **ORDERED**:

1. Defendants' motion for leave to file a motion for summary judgment (Doc. No. 177) is GRANTED. Defendants may file a motion for summary judgment **no later than September 7, 2022**.

---

[1] Plaintiff's motion contains mischaracterizations concerning many of the proceedings and orders, including the Court's December 3, 2021 minute order vacating a second settlement conference in this matter. (Doc. No. 174). As the docket reflects, the settlement conference was vacated because Plaintiff filed a "notice of non-participation." (Doc. No. 167)(stating the former settlement conference was "unprofessional," but recognizing Plaintiff's "demand is astronomical and cannot be negotiated at settlement.").

2. Any opposition from Plaintiff must be filed no later than thirty-days (30) after the motion for summary judgment is filed.

3. Plaintiff's motion to set a trial date (Doc. No. 175) is DENIED **without prejudice**.

Dated:    June 30, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE