UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY,<br><br>              Plaintiff,<br><br>      v.<br><br>A. HOLGUIN, ET. AL.,<br><br>              Defendants. | Case No.  1:15-cv-00768-ADA-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY<br><br>(Doc. No. 189) |

Pending before the Court is Plaintiff's motion to stay incorporating therein his own declaration filed on July 21, 2022. (Doc. No. 189). Defendants filed a response opposing Plaintiff's motion. (Doc. No. 190). Plaintiff filed a reply. (Doc. No. 192). This matter is ripe for review.

**BACKGROUND AND PROCEDURAL HISTORY**

**Background**

Plaintiff Lakeith L. McCoy initiated this action proceeding pro se by filing a prisoner civil rights complaint under 42 U.S.C § 1983. (Doc. No. 1). Plaintiff now proceeds on his second amended complaint (SAC) alleging in pertinent part an excessive use of force claim. (Doc. No. 15). The previously-assigned district judge held status conferences and trial confirmation hearings. (Doc. Nos. 135, 150, 154, 155). On April 22, 2021, the Court granted Plaintiff's motion to appoint counsel and set the case for trial to commence on November 9, 2021. (Doc.

1  Nos. 148, 155). As the parties prepared for trial, Plaintiff's appointed counsel moved to withdraw
2  citing irrevocably broken attorney-client relationship. (Doc. No. 161). The Court granted the
3  motion to withdraw, vacated the trial date on September 25, 2021, and referred the case to the
4  ADR coordinator to set the matter for a second settlement conference, as the prior settlement
5  conference reached an impasse. (Doc. Nos. 142, 164). The Court vacated the second settlement
6  conference date after receiving notice from Plaintiff that he would not participate a settlement
7  conference. (Doc. No 174). In January 2022, Plaintiff filed a motion requesting a new trial date.
8  (Doc. No. 175). Defendants did not oppose setting a trial date but sought leave to file a motion
9  for summary judgment. (Doc. No. 176). The Court denied without prejudice Plaintiff's motion
10 to set a new trial date but granted Defendants' cross-motion for leave to file a motion for
11 summary judgment (MSJ). (Doc. No. 187). Defendants' deadline to file a MSJ is September 7,
12 2022. (*Id.*). The case was recently reassigned to the Honorable Ana de Alba on August 24, 2022.
13 (Doc. No. 191).

14  **Plaintiff's Motion to Stay, Response, Reply**

15  Plaintiff seeks a stay of this action because he is going to be transferred on an unspecified
16 date to a different correctional institution to attend a resentencing hearing. (Doc. No. 190 1, 3).
17 Plaintiff states he is "unable to take his discovery with him to the Riverside County Jail." (*Id.* at
18 1). Plaintiff explains he does not know his date of transfer and has 4000 pages of discovery. (*Id.*
19 at 4). Further, Plaintiff states he needs to focus on the resentencing hearing, which "demands all
20 his time and resources," and not the instant case. (*Id.*).

21  Opposing Plaintiff's motion, Defendants submit the Court should not grant an indefinite
22 stay and in the event Plaintiff's ability to respond to Defendants' MSJ is impacted by his transfer
23 to a different correctional institution, the Court may address the issue at that time. (Doc. No. 190
24 at 1-2). Defendants note the stark contrast between the instant motion and Plaintiff's previously
25 complaints of delay in proceeding with trial. (*Id.* at 2). Citing *Hammond v. Mgmt & Training*
26 *Corp.*, Case No. 1:13-cv-01209-AWI-JLT, 2013 WL 6009938 (E.D. Cal. Nov. 13, 2013),
27 Defendants argue no stay is warranted in this case at this time because any harm to Plaintiff is
28 speculative. (*Id.* at 3).

In Reply, Plaintiff notes this is his first motion to stay.  (Doc. No. 192 at 1).  Plaintiff reiterates his concern that Defendants have not yet filed a MSJ and that his transfer will hamper his ability to respond to the MSJ because his transfer is imminent, he cannot bring discovery with him to the county jail, and the county jail is "ill-equipped to assist with this matter."  (Doc. No. 192 at 1-2).

**APPLICABLE LAW AND ANALYSIS**

District courts possess inherent authority not governed "by rule or statute, but by control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (citations omitted).  For example, district courts have the inherent power to stay proceedings pending resolution of parallel actions in other courts.  *Id.*; *see also Landis v. North American Co.,* 299 U.S. 248, 254-255, (1936).  To evaluate whether to stay an action, the Court must the weigh competing interests that will be affected by the grant or refusal to grant a stay.  *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962).  Among these competing interests are: (1) the possible damage from the granting of a stay; (2) the hardship or inequity a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay; (4) "the interests of the plaintiffs in proceeding expeditiously with this litigation;" and (5) "the convenience of the court in the management of its cases and the efficient use of judicial resources."  *Id.; Fed Sav. & Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 903 (9th Cir. 1989).

The party seeking a stay "bears the burden of establishing its need." *Clinton v. Jones,* 520 U.S. 681, 708 (1997)(citing *Landis,* 299 U.S. at 255).  The Supreme Court explained, "[i]f there is even a fair possibility that the stay . . . will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis,* 299 U.S. at 255.  The decision whether to grant or deny a stay is committed to the Court's discretion.  *Dependable Highway Express, Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1066 (9th Cir. 2007).

A review of the above factors weighs in favor of denying Plaintiff's motion to stay.  Plaintiff has not met his burden of proof.  Further, Plaintiff seeks an indefinite stay because he

does not know when he will be transferred.  But stays of an indefinite time are disfavored.  *Yong v. INS,* 208 F.3d 1116, 1119 (9th Cir. 2000); *see also Dependable Highway Exp., Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1066-1067 (9th Cir. 2007).  The Court understands Plaintiff's concern that his 4,000 plus pages of discovery may not follow him to the county facility and therefore delay his ability to file a response to the Defendants' MSJ, which is due to be filed on September 7, 2022.  But the harm Plaintiff references remains speculative at best because he has not been transferred to a different facility and he currently has all his legal resources.  Further, as Plaintiff acknowledges, he does not know when he will be transferred.  This case has been pending since 2015 and it is in the interests of justice that it proceeds and not be stayed.  In the event Plaintiff requires additional time to respond to Defendants' MSJ, he may file a motion seeking an extension of time to respond under Federal Rule of Civil Procedure 6.

Accordingly, it is **ORDERED**:

Plaintiff's motion to stay (Doc. No. 189) is DENIED.

Dated:     September 2, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4