UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>A. HOLGUIN, ET. AL.,<br><br>　　　　　Defendants. | Case No. 1:15-cv-00768-ADA-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY AND CONSTRUED RULE 56(d) MOTION<br><br>ORDER GRANTING EXTENSION OF TIME TO FILE RESPONSE<br><br>(Doc. No. 197)<br><br>**DECEMBER 28, 2022 DEADLINE** |

　　　　Pending before the Court is Plaintiff's "Application for Extension of Time and Second Application to Stay Proceedings" filed on October 3, 2022. (Doc. No. 197, "Motion"). Plaintiff seeks an extension of time to respond to Defendants' motion for summary judgment and renews his request for an indefinite stay of this action. (*Id.*). In support, Plaintiff attaches his own Declaration. (Id. at 3-6). Defendants filed an opposition to the Motion on October 21, 2022. (Doc. No. 200). In support Defendant submits the Declaration of Deputy Attorney General Jeremy Duggan and an Exhibit evidencing service of Defendants' motion for summary judgment on September 19, 2022. (Doc. No. 200-1). For the reasons set forth below, the Court grants an extension of time for Plaintiff to respond to Defendants' motion for summary judgment but denies a stay of this action and Plaintiff's construed Fed. R. Civ. P. 56(d) motion.

## I. FACTUAL BACKGROUND

Plaintiff, a state prisoner, proceeds against fifteen correctional officer-Defendants on his second amended civil rights complaint stemming from events that occurred at California Correctional Institution, Techachapi (CCI) on March 12, 2015. (Doc. No. 15). In summary, the second amended complaint alleges excessive use of force claims and failure to protect claims in connection with the March 12, 2015 incident. (*See generally Id.*). The alleged use of force occurred at various points while Plaintiff was being escorted from his cell in Facility A, building 6 on the way to the law library and included the areas in the rotunda of building 6, outside the door in building 6, and dining hall number 4. (*Id*. at 6-14). The Court had appointed Plaintiff counsel and scheduled this matter for trial to commence on November 9, 2021. (Doc. Nos. 148, 155). On September 25, 2021, after appointed counsel moved to withdraw, citing irreconcilable differences, the Court granted the motion and vacated the trial date. (Doc. No. 164). Plaintiff sought a new trial date, which Defendants did not oppose, but requested leave to file a belated motion for summary judgment to narrow the issues for trial. (Doc. No. 176).

On September 7, 2022, after being granted leave, Defendants filed a motion for summary judgment on behalf of eight of the correctional officer-Defendants.[1] (Doc. No. 194). More specifically, these eight Defendants contend they neither used excessive force nor failed to protect Plaintiff on March 12, 2015 because they either were not working at CCI on the day of the incident or were assigned to other areas within CCI from which they had no view of the incidents, i.e., they were *not present* during any of the use of force incidents. (Doc. No. 200 at 1, 5)(emphasis in original)(*see also* Doc. No. 194-2). On September 6, 2022, Plaintiff was transferred to Robert Presley Detention Center ("RPDC") in Riverside for re-sentencing. (Doc. No. 197 at 3). Defendants served Plaintiff with a copy of their motion for summary judgment on September 19, 2022. (Doc. No. 200-1).

Plaintiff files a second motion to stay the case until he returns from RPDC after resentencing so he may respond to the motion for summary judgment. (Doc. No. 197). Plaintiff

---

[1] The motion for summary judgment was filed on behalf of Defendants Barron, Montanez, Mayfield, Moore, Arellano, Lomas, Moreno, and Delgado.

1 states he left his legal property and discovery for this case at the prison's receiving and release
2 department and does not have his "interrogatories, documents, etc.," which he requires to respond
3 to the summary judgment motion.  (*Id.* at 3-4).   Plaintiff claims he is only permitted to write in
4 pencil, the jail does not make copies for inmates, and access to law library takes precedence for
5 criminal cases over civil cases like the instant one.  (*Id.* at 3-5).  Plaintiff also states he requires
6 additional discovery because Defendants' expert "made it clear that at least three supervising staff
7 found that officers/Defendants during the incident" violated policy and it's unclear to Plaintiff
8 what polices were violated.  (*Id.* at 4-5).   Plaintiff generally claims Defendants have "made false
9 accusations/declarations in their summary judgment motions which time is needed to adequately
10 bring the falseness to light."  (*Id.* at 6).

11        In response, Defendants attach the declaration of Deputy Attorney General Duggan
12 providing proof of service of the pending motion for summary judgment, all attachments thereto,
13 and case law to Plaintiff at the RPDC.  (Doc. No. 200-1 at 1-5).  Defendants explain they are
14 unable to ascertain how long Plaintiff will remain at RPDC but state from past experience
15 resentencing can take a few months to years.  (Doc. No. 200 at 3).  Defendants further note that
16 before transfer to RPDC, Plaintiff had the opportunity to bring some of his legal documents, but
17 correctional officials would not have allowed Plaintiff to move entire boxes of legal materials.
18 (*Id.*).

19        Defendants correctly note that Plaintiff was able to file the instant motion, which is legible
20 in pencil (*id.* at 3) and that counsel can make copies of certain pleadings for Plaintiff if that
21 becomes necessary (*id.* at 4).  Regarding Plaintiff's motion for an extension of time, Defendants
22 note that Plaintiff is essentially arguing that he requires further discovery to respond to the
23 summary judgment motion and his motion is properly construed as being brought under Federal
24 Rule of Civil Procedure 56(d).  (*Id.* at 4).  Defendants submit that Plaintiff, as the moving party,
25 has not sustained his burden for more time to oppose their summary judgment motion because he
26 does not provide specific facts that are essential to oppose the summary judgment motion.  (*Id.* at
27 5).  And, to the extent Plaintiff refers to "policies" that need discovered, he does not tie these
28 policies to the summary judgment motion. (*Id.*).  Noting that the discovery was opened on April

19, 2016 and closed on December 12, 2018, Defendants submit Plaintiff has had more than sufficient time to conduct full discovery in this case. (*Id.* at 5).

## II. APPLICABLE LAW AND ANALYSIS

### A. Motion to Stay

The Court is vested with broad discretion to stay a case. *Clinton v. Jones*, 520 U.S. 681, 705 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). As a general rule, "stays should **not** be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007)(emphasis added). If a stay is especially long or indefinite, a greater showing is required to justify it and the court must "balance the length of any stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

Courts consider the following factors to determine if a stay is warranted: (1) the possible damage from the granting of a stay; (2) the hardship or inequity a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from the stay; (4) the interests of plaintiffs in proceeding expeditiously with the litigation; (5)the convenience of the Court in the management to its cases and the efficient use of judicial resources. *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962)(listing above factors to consider)(citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)*; see also Hammond v. Mgmt & Training Corp.*, No. 1:13-cv-01209-AWI-JLT (E.D. Cal. Nov. 13, 2013).

The Court does not find an indefinite stay of the case is warranted, *e.g.* until Plaintiff has his re-sentencing hearing and is transferred back to CDCR. It is unclear for how long Plaintiff will remain at RPDC. This case has been pending since 2015, has had multiple status conferences, settlement conferences, and was previously scheduled for trial. (*See generally* docket). In fact, Plaintiff previously challenged the amount of time this case has been pending and the delayed trial. (*See* Doc. Nos. 175, 187). The Court's July 1, 2022 Order granting Defendants' motion for leave to file a motion for summary judgment within 60 days was an effort

4

to potentially narrow the issues for trial and streamline this case for trial in the near future.

While the Court understands the hardships Plaintiff identifies in his motion, these hardships do not warrant an indefinite stay in this case. As evidenced by Plaintiff's recent motion activity following his transfer to RPDC, Plaintiff can litigate this case. The Court experienced no issues with Plaintiff using a pencil to draft his motions. And, while criminal cases may take precedence for law library access, Plaintiff is not precluded access to the law library. During transfer from CDCR to the county facility, Plaintiff was permitted to bring some legal materials with him. Prior to his transfer, Plaintiff was aware the Court had granted Defendants' motion to file a belated motion for summary judgement. And Plaintiff does not explain with any level of specificity what existing documents he claims he requires and does not have in order to oppose the Defendants' summary judgment motion. Persuasive here is that the eight Defendants who moved for summary judgment do so on the basis that they were not present when the incident occurred. Given the age of this case, it is in the interests of justice that this case proceed as expeditiously as possible. Thus, Plaintiff's second motion to stay is denied.

**B. Motion for Extension of Time to File an Opposition**

The Order permitting Defendants to file a motion for summary judgment further directed Plaintiff to file an opposition to any summary judgment motion within thirty (30) days thereafter. (Doc. No. 187 at 4, ¶ 2). Defendants served their motion for summary judgment on September 19, 2022. Thus, Plaintiff's motion for an extension of time is timely.

To the extent Plaintiff states he requires additional discovery to respond to the motion for summary judgment the motion is considered under Federal Rule of Civil Procedure 56(d). In pertinent it provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Local Rule 260(b) similarly provides that a party may oppose a summary

5

judgment motion due to the need to conduct further discovery when the motion "provide[s] a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." The party moving under Rule 56(d) bears the burden of demonstrating the requisite basis for relief. *Atay v. Cty. Of Maui*, 842 F.3d 688, 698 (9th Cir. 2016). The purpose of Rule 56(d) is "to prevent a party form being unfairly thrown out of court by a premature motion for summary judgment." *See Jackson v. Riebold*, 815 F.3d 1114, 1121 (9th Cir. 2016) (citations omitted); *see also Burlington Northern Santa Fe Ry. Co. v. The Assiniboine*, 323 F.3d 767, 773 (9th Cir. 2003). To obtain a Rule 56(d) continuance, the nonmovant "'must file an affidavit affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Id.* (alteration in original) (quotations and citations omitted). The party seeking the additional discovery must demonstrate that the facts sought exist and that they sought-after facts are essential to resist the summary judgment motion. *Id.* Rule 56(d) does not condone a fishing expedition. The party seeking more discovery must also identify documents or specific facts he believes would contradict the opposing side's evidence. *Id.*; *see also Family Home and Finance Center, Inc. v. Federal Home Loan Mortg. Corp.*, 525 F.3d 822 (9th Cir. 2008) (reciting three requirements the non-movant must prove to garner delay or denial of motion for summary judgment under Rule 56(d)); *see also Securities Exchange Commission v. Stein*, 906 F.3d 823, 832 (9th Cir. 2018) (reiterating that mere speculation about outstanding discovery needed is insufficient) *Singh v. American Honda Finance Corporation*, 925 F.3d 1053, 1076 (9th Cir. 2019) (finding no abuse of discretion when district court denied Rule 546(d) motion because non-movant provided only conclusory statements to support more time for discovery) .

Further, a court should consider whether the moving party lacked diligence in pursuing discovery earlier. *Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.,* 353 F.3d 1125, 1130 (9th Cir. 2004); *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n. 6 (9th Cir. 2001). If the moving party acted diligently but simply needs additional time to complete discovery, denying his request is an abuse of discretion. *See Noyes v. Kelly Servs.,* 488 F.3d 1163, 1174 (9th Cir. 2007) (finding district court improperly denied request for additional

discovery where plaintiff had pursued discovery but opposing party caused delays); *Garrett v. City and County of San Francisco,* 818 F.2d 1515, 1518-19 (9th Cir. 1987)(finding district court improperly denied motion where plaintiff diligently pursued discovery but was unable to obtain complete responses prior to due date of response to the opposing party's summary judgment motion).

      Plaintiff has had ample opportunity to conduct discovery in this case which has been pending since 2015.  (*See* docket).  Plaintiff has not shown with specificity how reopening discovery is necessary for him file a response to Defendants' pending motion for summary judgment which is limited in scope.  Plaintiff refers to policies Defendants are alleged to have violated, but he does not provide sufficient specificity for the Court to determine how discovery of these policies could further his cause when the motion concerns the personal involvement of each named Defendant concerning  the use of force incident.  To the extent Plaintiff requires unspecified "interrogatories" or "documents" to respond to the motion for summary judgment, as more fully set forth below, he may request the same from defense counsel who offered to make Plaintiff copies.  Because Plaintiff fails to identify with any specificity what discovery he requires to respond to the motion for summary judgment, the construed Rule 56(d) motion is denied.

      However, considering Plaintiff's Motion under Rule 6(b) due to his recent transfer from CDCR to RPDC, the Court finds good cause to extend the deadline for Plaintiff to file a response.  Plaintiff shall file an opposition to Defendants' pending motion for summary judgment by delivering his response to the motion for summary judgment to correctional officials for mailing **no later than December 28, 2022**.  This will afford Plaintiff time to confer with defense counsel as to what documents he requires and permit defense counsel to provide copies of the documents to Plaintiff.  As set forth below, the Court will require the parties to confer by telephone within fourteen (14) days from date of this Order so Plaintiff may request what documents he requires and the copies may be provided to Plaintiff. .

      Accordingly, it is **ORDERED**:

      1.      Plaintiff's motion to stay (Doc. No. 197) and construed Fed. R. Civ. P. 56(d) motion are  DENIED.

2. Plaintiff's motion for an extension of time to file a response to the motion for summary judgment (Doc. No. 197) is GRANTED. Plaintiff shall file deliver his response to correctional authorities for mailing **no later than December 28, 2022.**

3. Within **fourteen (14) days** of the date on this Order, **Defense Counsel** shall initiate a teleconference with Plaintiff. Plaintiff shall be prepared to identify with specificity the documents, such as interrogatory responses or other documents obtained through discovery, that he requires copies of to respond to the motion for summary judgment.

4. Within **(7) days** thereafter, **Defense Counsel** shall mail copies of the identified documents to Plaintiff and file a Notice of Mailing with the Court. If Plaintiff fails to identify any documents during the telephone conference, Defense Counsel shall file a Notice advising the Court of the same.

Dated: October 27, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE