UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH MCCOY,<br><br>    Plaintiff,<br><br> v.<br><br>A HOLGUIN, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00768-KES-HBK (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT WITNESS INFORMATION<br><br>**NOVEMBER 4, 2024 DEADLINE** |

Plaintiff LaKeith McCoy ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The Final Pretrial Conference in this case is scheduled for December 9, 2024. (Doc. No. 234). A jury trial is scheduled to commence on February 25, 2025 at 8:30 a.m. in Courtroom 6 before District Judge Kirk E. Sheriff. (*Id.*). As set forth in this Order, to secure the presence of witnesses at trial, Plaintiff is required to (1) provide identifying information and addresses for all of his non-incarcerated witnesses; (2) file motions for the appearance of any incarcerated witnesses; and (3) provide witness fees for any nonincarcerated witnesses who will not voluntarily testify at trial.[1]

---

[1] The Court will advise Plaintiff as to the amount of the witness fees for each of his proposed non-incarcerated witnesses once Plaintiff provides the Court with the necessary information specified in this Order. The Court will set a deadline for submission of the witness fees at a later date.

1

**INCARCERATED WITNESSES**

Plaintiff identifies two potential incarcerated witnesses for trial. These are (1) Joshua Howard, and (2) Daniel Verduzco. (Doc. No. 220 at 12, 14). As previously advised, for those incarcerated witnesses who are willing to testify voluntarily, Plaintiff must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. (*See* Doc. No. 224 at 3-4). The motion must: (1) state the name, address, and prison identification number of each witness[2]; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses." Plaintiff should refer to the Court's March 25, 2024 Amended Order Setting Trial Date, Telephonic Trial Confirmation Hearing and Related Deadlines (Doc. No. 224) for further information concerning requirements of the Motion.

If Plaintiff wishes to secure the attendance of incarcerated witnesses who <u>refuse</u> to testify voluntarily, he should serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. Such motion should be in the form described above. In addition, Plaintiff must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

The Court will review and rule on any motions for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the Court will issue the writs necessary to cause any approved witnesses' custodian to bring the witness(es) to court. A motion for the attendance of incarcerated witnesses, if any, must be filed on or before **November 4, 2024**. Any opposition(s) must be filed on or before **November 18, 2024**.

////
////
////

---

[2] Based on the Court's review of CDCR's public inmate locator (https://ciris.mt.cdcr.ca.gov/search), Inmate Joshua Howard, T47638, is currently incarcerated at Kern Valley State Prison and Inmate Daniel Verduzco, T45537, is currently incarcerated at Richard J. Donovan Correctional Facility in San Diego, CA.

**NON-INCARCERATED WITNESSES**

In his amended pretrial statement, Plaintiff identifies ten potential non-incarcerated witnesses for trial.[3] (Doc. No. 220 at 12-14). These include: (1) William Coleman; (2) Dr. Steven Yaplee; (3) Maybren Johnson; (4) J. Gutierrez; (5) former Defendant Santa Maria; (6) former Defendant Holland; (7) former Defendant Kilmer; (8) former Defendant DeLuna; (9) Abel Garcia; and (10) Lieutenant K. Westergren. (*Id*.). Plaintiff does not provide addresses for Coleman, Johnson, Yaplee, Holland, or Westergren. (*See id*.).

To permit the Court to calculate estimated travel costs and for the Clerk of Court to issue subpoenas (if so ordered), Plaintiff must provide full names and current addresses for each of the witnesses. Plaintiff must submit the required identification and address information to the Court **no later than November 4, 2024**.

Once the Court has this information it will calculate the travel expenses for each non-incarcerated witness and notify Plaintiff. Plaintiff then, for each witness, must submit to the Court a request for subpoena and money order made payable to the witness for the full amount of the witnesses' travel expenses plus the daily witness fee of $40.00. Because Plaintiff is not proceeding *in forma pauperis*, he is not entitled to service of the subpoenas by the United States Marshals Service. *See* 28 U.S.C. 1915(d); 28 U.S.C. 566(c). The Court will issue any approved subpoenas to Plaintiff so that he may have them served in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Plaintiff is advised that based on the information he provided to the Court, several of his non-incarcerated witnesses are located more than 100 miles from the location set for trial. Under Rule 45 of the Federal Rules of Civil Procedure, a witness who resides more than 100 miles from the location set for trial is beyond the court's subpoena power unless:

> [the location for trial is] within the state where the person resides, is employed, or regularly transacts business in person, [and] . . . the

---

[3] The Court is uncertain as to the custody status of proposed witnesses William Coleman and Maybren Johnson. Upon review of CDCR's inmate locator, the Court was unable to find any records for either Coleman or Johnson and thus presumes they are now out of custody. *See* https://ciris.mt.cdcr.ca.gov/search (last visited: October 3, 2024).

3

person (i) is a party or party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1)(B); *see also Dooley v. Nevada Gold Mines, LLC*, 2022 WL 867265, at *3 (D. Nev. Mar. 23, 2022) (noting that "federal courts can compel a witness to testify" if the conditions of Fed. R. Civ. P. 45(c)(1)(B) are met).

"When travel over 100 miles could impose substantial expense on the witness, the party that served the subpoena may pay that expense and the court can condition enforcement of the subpoena on such payment." *See* Advisory Committee Note to the 2013 Amendments to Rule 45. Thus, the Court will determine whether issuance of subpoenas to any witness beyond the Court's subpoena power is appropriate and may condition its enforcement on Plaintiff's payment of the witness' expenses, including overnight lodging permitting the witness to attend trial.

Accordingly, it is hereby **ORDERED**:

1. No later than **November 4, 2024**, Plaintiff shall file any Motions for the Attendance of Incarcerated Witnesses in accordance with the instructions in this Order and the Court's March 25, 2024 Order (Doc. No. 224).

2. Defendants' opposition(s), if any, must be filed on or before **November 18, 2024**.

3. No later than **November 4, 2024**, Plaintiff shall submit to the Court the full names and addresses for potential witnesses Coleman, Johnson, Yaplee, Holland, and Kilmer.

4. If Plaintiff fails to comply with any provision of this Order he may be subject to sanctions at the Court's discretion.

Dated:    October 4, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE