UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH L. MCCOY,<br><br>                    Plaintiff,<br><br>          v.<br><br>A. HOLGUIN, et al.,<br><br>                    Defendants. | Case No.  1:15-cv-00768-KES-HBK (PC)<br><br>ORDER GRANTING MOTION FOR ATTENDANCE OF INCARCERATED WITNESS AND SETTING DEADLINES AND FEES FOR NONINCARCERATED WITNESSES<br><br>(Doc. Nos.  238, 239) |

Pending before the Court is Plaintiff Lakeith L. McCoy's Motion for Attendance of Incarcerated Witness, filed November 7, 2024.  (Doc. No. 238).  Defendants did not file any opposition to Plaintiff's Motion and the time to do so has expired.  (Doc. No. 237 at 4); *see also* docket.  On November 7, 2024, Plaintiff also filed a Witness List for his trial, currently scheduled for February 25, 2025 before District Judge Kirk E. Sherriff.  (Doc. No. 239).  For the reasons set forth below, the Court grants Plaintiff's Motion and sets deadlines and fees for Plaintiff to secure the attendance of non-incarcerated witnesses.

**MOTION FOR ATTENDANCE OF INCARCERATED WITNESS**

In determining whether to grant Plaintiff's motion for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed

until the inmate is released without prejudice to the cause asserted.  *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (finding district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Plaintiff's Motion identifies a single incarcerated witness that he wishes to produce at trial, Joshua Howard, CDCR No. T47638, currently incarcerated at Kern Valley State Prison. (Doc. No. 238 at 1).  Plaintiff asserts that Howard has first-hand knowledge of the incident on March 12, 2015, when Plaintiff alleges Defendants subjected him to excessive use of force or failed to intervene in their colleagues' excessive use of force.  (*Id*. at 2).  In particular, Plaintiff states that Howard was in the medical unit when Plaintiff was escorted there by Defendant Montanez and will testify, *inter alia*, that Montanez was involved in the March 12, 2015 incident—contrary to his claims—and that Plaintiff looked like he had just been severely beaten. (*Id*. at 3).  Plaintiff provides a declaration from Inmate Howard attesting to these and other facts. (*Id*. at 7-8).

The Court finds this proposed testimony will substantially further the resolution of the case by potentially impeaching the statements of one of the Defendants; it will also provide eyewitness testimony as to Plaintiff's injuries and the involvement of Defendant Montanez in the events of March 12, 2015.  Defendants have not submitted any opposition suggesting that Inmate Howard's presence will pose a security risk if brought to court nor that costs of transferring him to Court are substantial.  Howard is currently incarcerated at Kern Valley State Prison, roughly 80 miles from the U.S. District Court in Fresno, thus the transportation involved in transferring Plaintiff is significant but not obviously prohibitive.   Moreover, Plaintiff indicates that Howard prefers to testify remotely (Doc. No. 238 at 5 ¶ 5), a request that the undersigned will not rule on at this time but which would, if granted, obviate any security or cost concerns.[1]  Turning to the

---

[1] Under Federal Rule of Civil Procedure 43(a), the Court may permit testimony in open court by contemporaneous video transmission "[f]or good cause in compelling circumstances and with appropriate

fourth *County of Alameda* factor, information obtained from CDCR's inmate locator website indicates that Inmate Howard will not become eligible for parole consideration until April 2034, thus a stay of the action until Howard is released would unreasonably delay this already stale case.  Based on the analysis above, the Court finds it appropriate to grant Plaintiff's Motion and permit Inmate Howard to testify at trial.

## PLAINTIFF'S REQUESTED NONINCARCERATED WITNESSES

Plaintiff lists six non-incarcerated witnesses he wishes to subpoena for trial.  (Doc. No. 239).  As the Court previously advised Plaintiff, because he is no longer proceeding *in forma pauperis* he is not entitled to service of the subpoenas by the United States Marshals Service.  (*See* Doc. No. 61); 28 U.S.C. § 1915d; 28 U.S.C. 566(c).

As the Court also previously advised Plaintiff, several of his non-incarcerated witnesses appear to be located more than 100 miles from the location set for trial.  (*See* Doc. No. 239).  Under Rule 45 of the Federal Rules of Civil Procedure, a witness who resides more than 100 miles from the location set for trial is beyond the court's subpoena power unless:

> [the location for trial is] within the state where the person resides, is employed, or regularly transacts business in person, [and] . . . the person is a party or party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1)(B); *see also Dooley v. Nevada Gold Mines*, LLC, 2022 WL 867265, at *3 (D. Nev. Mar. 23, 2022) (noting that "federal courts can compel a witness to testify" if the conditions of Fed. R. Civ. P. 45(c)(1)(B) are met).  Accordingly, provided Plaintiff submits witness fees sufficient to defray the expenses of these witnesses to attend trial, including overnight lodging, the Court will issue subpoenas for their attendance, which Plaintiff will then be required to serve.

The Court notes that two of Plaintiff's non-incarcerated witnesses, J. Jones and Rachel DeLuna are also included in Defendants' most recent witness list.  (*See* Doc. No. 116 at 4-5).  If

---

safeguards[.]"  *See Barnett v. Gamboa*, 2015 WL 13215676, at *2 (E.D. Cal. Dec. 18, 2015) (granting defendants' request that two incarcerated witnesses located 400 miles from the courthouse be permitted to testify remotely due to the "significant expenses regarding transportation and substantial security concerns for transferring these inmates witnesses to court").  The Parties may wish to address this issue at the Pretrial Conference with the District Judge.

Defendants include those two individuals on their witness list, which is due to be submitted with Defendants' amended pretrial statement on November 25, 2024, the Court will not require Plaintiff to issue subpoenas or pay witness fees for those witnesses. Thus, Plaintiff should review Defendants' Pretrial Statement before submitting any witness fees for DeLuna and Jones.

The estimated cost for each witness (including DeLuna and Jones, in the event Defendants' do not intend to bring them to trial) is indicated below:

| Name | Location | Daily Witness Fee | Per diem[2] | Transportation[3] | Total |
|------|----------|-------------------|-------------|-------------------|-------|
| Dr. Steven Yaplee | Bakersfield, CA[4] | $40.00 | $193.50 | $147.40 | $380.90 |
| J. Gutierrez[5] | Tehachapi, CA | $40.00 | $193.50 | $210.38 | $443.88 |
| Rachel DeLuna | Tehachapi, CA | $40.00 | $193.50 | $210.38 | $443.88 |
| J. Jones | Tehachapi, CA | $40.00 | $193.50 | $210.38 | $443.88 |
| J. Gutierrez | Tehachapi, CA | $40.00 | $193.50 | $210.38 | $443.88 |
| L. Cardenas | Tehachapi, CA | $40.00 | $193.50 | $210.38 | $443.88 |

For any witness which Plaintiff wishes to subpoena for trial, he must submit to the Court, no later than December 23, 2024, a money order in the amount indicated above made payable to the witness. The Court will then issue a subpoena to Plaintiff, which Plaintiff is responsible for serving on the witness in compliance with Rule 4 of the Federal Rules of Civil Procedure.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Attendance of Incarcerated Witness (Doc. No. 238) is GRANTED. The undersigned reserves the question of whether Inmate Howard will

---

[2] Includes standard daily lodging rate of $129.00 for Fresno, CA plus first/last day Meals and Incidentals of $64.50. Total meals and incidentals for subsequent days is $86.00. U.S. General Services Administration, Per diem rates, https://www.gsa.gov/travel/plan-book/per-diem-rates (last visited November 21, 2024).

[3] Travel costs are based on round-trip mileage at the current reimbursement rate. 28 U.S.C. § 1821. As of January 1, 2024, the mileage reimbursement rate for a privately owned vehicle is $0.67 per mile. U.S. General Services Administration, Privately Owned Vehicle (POV) Mileage Reimbursement Rates, https://www.gsa.gov/travel/plan-book/transportation-airfare-pov-etc/privately-owned-vehicle-mileage-rates (last visited November 21, 2024).

[4] The Court takes judicial notice of the fact that Dr. Yaplee's address in Bakersfield is approximately 110 miles from the U.S. District Courthouse in Fresno and California Correctional Institution is approximately 157 miles from the Courthouse. Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). *Id.*; *see also National Agricultural Chemicals Assn. v. Rominger*, 500 F.Supp. 465, 472 (E.D. Cal. 1980). The Court may take judicial notice on its own or at the request of any party. *Id.* 201(c).

[5] Plaintiff identifies two witnesses named J. Gutierrez, one a former correctional officer, the other a former associate warden. Both are listed as located at California Correctional Institution.

testify at trial in person or via videoconference.

2. The Court will issue a writ of *habeas corpus ad testificandum* to secure the attendance of Inmate Howard.

3. No later than **December 23, 2024**, Plaintiff shall deliver to the Court the appropriate witness fees, identified in this Order, for any nonincarcerated witnesses he intends to call at trial.  Plaintiff is advised the Court cannot accept cash, and money orders should **not** be made payable to the Court but **be made payable to the individual witness in that witness's name.**

Dated:    November 22, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5