UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH LEROY MCCOY, | No. 1:15-cv-00768-KES-HBK |
| Plaintiff, | ORDER GRANTING MOTION TO MODIFY PRETRIAL ORDER TO ADD INADVERTENTLY OMITTED EXHIBIT |
| v. | |
| A. HOLGUIN, et al., | |
| Defendants. | Doc. 254 |

After reviewing the amended final pretrial order, filed January 6, 2025, defense counsel recognized that an exhibit, sign-in sheets for March 12, 2015, had been inadvertently omitted from their exhibit list. Doc. 254 at 3. Defendants A. Holguin, C. Casillas, D. King, V. Moore, J. Gonzales, A. Martinez, S. Lomas, O. Delgado, E. Barron, Montanez, Mayfield, Moreno, C. Martinez, G. Arellano, and Hollis Bennett ("defendants") now move to modify the amended final pretrial order to add the sign-in sheets as an exhibit. Docs. 252, 254. Plaintiff LaKeith Leroy McCoy ("plaintiff") timely filed an opposition on January 21, 2025. Doc. 264. For the reasons set forth below, defendants' motion is granted.[1]

Once the district court has entered a pretrial order, modifications are allowed "only to

---

[1] As noted below, plaintiff may object to the admissibility of this exhibit at trial.

1

prevent manifest injustice." Fed. R. Civ. P. 16(e).  In determining whether to grant a modification, courts generally consider the following four factors:

> (1) the degree of prejudice or surprise to the [nonmoving party] if the order is modified; (2) the ability of the [nonmoving party] to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; (4) any degree of willfulness or bad faith on the part of the party seeking the modification.

*Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir. 1998), *superseded by statute on other grounds*. "It is the moving party's burden to show that a review of these factors warrants a conclusion that manifest injustice would result if the pretrial order is not modified." *Id.*

      A consideration of these factors indicates that modification of the amended final pretrial order to include the inadvertently omitted exhibit is warranted.  First, the sign-in sheets do not result in any prejudice or surprise to plaintiff.  Defendants relied on the sign-in sheets in their motion for summary judgment, filed on September 7, 2022.  Doc. 194-6, Ex. A.  Plaintiff therefore has had ample opportunity to consider the sign-in sheets in preparing for trial.  Second, plaintiff will have an opportunity to argue the relevance and weight of these sign-in sheets, including raising any objection to the admissibility of the exhibit, eliminating any potential prejudice at trial.  Third, adding one exhibit, the sign-in sheets, will not materially impact the orderly and efficient conduct of the case. No other aspects of the pretrial order will need to be adjusted to accommodate the new exhibit, and introduction of the exhibit will have a minimal impact on the length of the trial.  Fourth, there is no indication of any willfulness or bad faith by defendants in omitting this exhibit in their initial pretrial statement.  Defendants declared under penalty of perjury that the sign-in sheets were either inadvertently omitted from the exhibit list in the pretrial statement or were deleted during final formatting of the document.  Doc. 254 at 6.  This declaration and defendants' prior use of the sign-in sheets in support of their motion for summary judgment indicate that the omission of the exhibit from the pretrial statement was an honest mistake by defendants.

      In his opposition, plaintiff requests "reports and testimony [regarding] officers having

2

1 been disciplined for signing the work sign-in sheets under other officers' names and some officers
2 not being at work when they should have while allowing other officers to sign in for them."
3 Doc. 264 at 4.  This request is denied as discovery has long been closed in this matter.
4 Defendants' inadvertent omission of the exhibit from their pretrial statement does not warrant
5 reopening discovery, particularly as defendants previously relied on this exhibit in support of
6 their motion for summary judgment.

   Plaintiff also requests that he be allowed to amend the complaint to join the officers that are named on the sign-in sheets.  A motion to amend under Federal Rule of Civil Procedure 15(a)(2) "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party."  *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011).  Plaintiff's request to amend is denied.  Trial is set to begin in just over four weeks and plaintiff has long had notice of the sign-in sheets, as defendants relied on them in moving for summary judgment in 2022.  Plaintiff had ample time to move to amend the complaint, and discovery has long been closed.  Docs. 108, 187.  Given the age and procedural history of this case, an amendment at this late stage in the proceedings, on the eve of trial, would cause undue delay and would result in undue prejudice to defendants.  *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (affirming denial of leave to amend four months before trial and after discovery had closed).

   Accordingly, IT IS ORDERED:

   1. Defendants' motion to modify the amended final pretrial order to add the sign-in sheets as an exhibit, Doc. 254, is GRANTED.  The amended final pretrial order, Doc. 252, is so amended by this Order to include the additional exhibit.

   2. Plaintiff's request to amend the complaint, Doc. 264, is DENIED.

IT IS SO ORDERED.

   Dated:   January 23, 2025                    _____
                                                UNITED STATES DISTRICT JUDGE

3