UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH LEROY MCCOY, | No. 1:15-cv-00768-KES-HBK |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR SERVICE OF SUBPOENA BY COURT OR COURT OFFICER |
| A. HOLGUIN, et al., | |
| Defendants. | Doc. 265 |

Plaintiff LaKeith Leroy McCoy ("plaintiff") is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This matter is set for trial on February 25, 2025. Doc. 252.

The Court previously directed the clerk of court to issue trial subpoenas for plaintiff to serve on four nonparty witnesses.[1] Docs. 248, 249. On January 21, 2025, plaintiff filed an affidavit of a process server indicating that plaintiff was unable to effect service on three of those witnesses: a former correctional officer, a former lieutenant, and a former associate warden. Doc. 260. Plaintiff now moves for a court order directing the U.S. Marshals Service to attempt to serve these three witnesses, and he also requests a refund of the $250 he spent on the process server in an attempt to effect service. Doc. 265. For the reasons discussed below, plaintiff's motion is denied.

---

[1] The three nonparty witnesses are J. Gutierrez (former correctional officer), J. Gutierrez (former associate warden), and L. Cardenas (former lieutenant). Docs. 248, 249.

1

1    Federal Rule of Civil Procedure 45 provides that "[a] subpoena may command a person to
2    attend a trial . . . ." Fed. R. Civ. P. 45(c)(1). Officers of the court are directed to serve process on
3    behalf of those who qualify for in forma pauperis ("IFP") status. 28 U.S.C. § 1915(d); 28 U.S.C.
4    § 556(c). Plaintiff is not entitled to have the U.S. Marshals Service to serve his subpoenas as his
5    IFP status was revoked in 2017 and he is no longer proceeding in such status.[2] *Reed v. Barcklay*,
6    No. CV-11-01339-PHX-JAT (JFM), 2012 WL 2413074, at *3 (D. Ariz. Jun. 26, 2012) (finding
7    plaintiff's lack of IFP status precluded use of U.S. Marshals to effect service). Plaintiff is also no
8    longer in custody and, as evidenced by the affidavit of his process server, he was able to arrange
9    for a process server to attempt to serve the witnesses, albeit unsuccessfully.

10   Moreover, based on the information provided by plaintiff, there is no indication that
11   attempted service by the marshals would be more effective than the attempted service by
12   plaintiff's process server. Plaintiff seeks to serve three apparently former correctional officers,
13   but he lacks their full first names and two of the names are duplicative. Plaintiff has identified a
14   CDCR facility location as the address, but his process server's affidavit indicates that the
15   litigation coordinator at the facility informed him that service may not be possible due to the lack
16   of first names and the fact that the individuals may no longer work at the facility. Doc. 260.
17   Service by the marshals similarly would be unlikely to be effective without sufficient
18   "information necessary to identify the [desired witness]." *Pearson v. Pasha*, No. CV 10-00035-
19   H-DWM, 2011 WL 13136826, at *2 (D. Mont. Oct. 26, 2011) (analyzing threshold level of
20   information required for U.S. Marshals to effect service on behalf of IFP litigants); *Jones v.
21   Davis*, No. CV-19-08055-PCT-MTL, 2021 WL 6197903, at *1 (D. Ariz. Dec. 29, 2021) (same).

22   Plaintiff's request for a refund of the money he spent to attempt service is denied as
23   plaintiff is not entitled to payment by the court of his expenses for attempted service. This denial
24   is without prejudice to plaintiff seeking recovery of his costs under Federal Rule of Civil
25   Procedure 54(d) if he is the prevailing party at trial.

---

[2] The Court revoked plaintiff's IFP status on May 11, 2017, concluding that he had "three strikes" within the meaning of 28 U.S.C. § 1915(g) and was therefore not entitled to proceed under that provision. *See generally* Docs. 56, 61. Three of plaintiff's prior cases were dismissed for failure to state a claim.

Accordingly, the Court ORDERS:

1. Plaintiff's motion for service of his subpoenas, Doc. 265, is DENIED.

IT IS SO ORDERED.

Dated:   January 29, 2025

_____
UNITED STATES DISTRICT JUDGE