UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH MCCOY,<br><br>             Plaintiff,<br><br>     v.<br><br>A. HOLGUIN et al ,<br><br>             Defendants. | Case No.  1:15-cv-00768-KES-HBK<br><br>ORDER SETTING SETTLEMENT CONFERENCE AND PARAMETERS AND SCHEDULING PRE-CONFERENCE TELEPHONIC DISCUSSION<br><br>**Settlement Statements due:  April 23, 2025**<br>**Settlement Conference:         April 30, 2025,** |

Magistrate Judge Helena Barch-Kuchta will hold an **in person** settlement conference on **April 30, 2025 at 11:00 a.m. in Courtroom 2 in Fresno.** The court has reserved this time for this settlement conference and expects the parties will proceed with the settlement conference in good faith and attempt to resolve all or part of the case.  If any party believes that the settlement conference will not be productive, that party shall so inform the court as far in advance of the settlement conference as possible.

Unless otherwise permitted in advance by the court, the following individuals must attend the settlement conference in person: (1) all of the attorney(s) who will try the case; and (2)

individuals with full authority to negotiate and settle the case, on any terms.  See Local Rule 270(f).

**No later than April 23, 2025**, each party must submit to Judge Barch-Kuchta's chambers at hbkorders@caed.uscourts.gov a settlement conference statement.  These statements should neither be filed on the docket nor served on any other party.

In compliance with Local Rule 270(d)-(e), the settlement statements will be used exclusively for the undersigned to prepare for and conduct the settlement conference.  They will not become part of the case file and will be shred thereafter under Local Rule 270(e).  If applicable, the statements should be marked "CONFIDENTIAL."  See Local Rule 270(d).

The statements should not exceed seven (7) pages and should include:

(1) a brief summary of the facts relative to the remaining claims in this case;

(2) a brief discussion of the strengths and weaknesses of the case, including the parties' relevant position on the factual and legal issues and brief review of the evidence to support the parties' factual position;

(3) an itemized estimate of the expected costs for a further trial, in specific dollar terms;

(4) your best estimate of the damages or relief plaintiff may recover at trial (in specific dollar terms and/or injunctive relief, if applicable);

(5) a history of settlement discussions (including a listing of any current settlement offers from any party, in specific dollar terms), a candid statement of your party's current position on settlement, including the amount that you will give/accept to settle (in specific dollar terms), and a statement of your expectations for settlement discussions;

(6) a list of the individuals who will be attending the settlement on the party's behalf, including names and, if appropriate, titles.

At the outset of the settlement conference, the undersigned may call upon the parties' counsel to give a brief (five-minute) opening presentation outlining the factual and legal highlights of their case before the parties break into separate caucuses. The undersigned reserves the right to dispense with the opening presentations of counsel if the undersigned determines that such presentations are not likely to be productive.

1      Notwithstanding the provisions of Federal Rule of Evidence 408, all statements made by the parties relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference will be deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle. This provision does not preclude admissibility in other contexts, such as pertaining to a motion for sanctions regarding the settlement conference.

Dated: April 2, 2025

                                         HELENA M. BARCH-KUCHTA
                                         UNITED STATES MAGISTRATE JUDGE