UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH LEROY MCCOY,<br><br>Plaintiff,<br><br>v.<br><br>A. HOLGUIN, et al.,<br><br>Defendants. | No. 1:15-cv-00768-KES-HBK<br><br>ORDER DENYING REQUEST FOR ENTRY OF JUDGMENT<br><br>Doc. 323 |

Before the Court is the request by defendants Delgado, Arellano, Moore, Mayfield, Montanez, Bennett, Barron, Gonzales, A. Martinez, Moreno, Lomas, and King for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) in this civil rights action brought under 42 U.S.C. § 1983. The jury trial in this case commenced on February 25, 2025. Doc. 293. On March 7, 2025, the jury returned a unanimous partial verdict. Doc. 322. The jury reached a unanimous verdict in favor of defendants Delgado, Arellano, Moore, Mayfield, Montanez, Bennett, Barron, Gonzales, A. Martinez, Moreno, Lomas, and King. *Id.* The jury was unable to reach a unanimous verdict as to defendants Holguin, Casillas, and C. Martinez, and a mistrial was declared as to those three defendants. *Id.* On March 27, 2025, the twelve defendants as to whom the jury reached a verdict filed a request for entry of judgment. Doc. 323. For the reasons addressed herein, defendants' request for entry of judgment is denied.

1

"When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Entry of a Rule 54(b) judgment is "not routinely granted" and is "reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

In determining "no just reason for delay," a court should consider whether the "individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). "Whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administrative interests is necessary to assure that application of [Rule 54(b)] effectively preserves the historic federal policy against piecemeal appeals." *Wood v. GCC Bend, LLC.*, 422 F.3d 873, 878 (9th Cir. 2005) (internal citations omitted). "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp.*, 446 U.S. at 8.

Twelve of the fifteen remaining defendants were found not liable by the jury. While the section 1983 claims in this case concern alleged conduct by separate individual defendants, the allegations concern the use of excessive force against the plaintiff in violation of the Eighth Amendment, and the alleged failure to protect the plaintiff from such use of excessive force, in two related incidents on a single date, March 12, 2015. Therefore, entering judgment now as to twelve of the defendants would risk piecemeal appeals that would address essentially the same set of facts, a risk specifically discouraged under Rule 54(b). *See Wood*, 422 F.3d at 880 ("[Plaintiff's] legal right to relief stems largely from the same set of facts and would give rise to successful appeals that would turn largely on identical, and interrelated facts. This impacts the sound administration of justice."); *Garcia v. Smith*, No. 10cv1187 AJB (RBB), 2014 WL 197742,

at *3 (S.D. Cal. Jan. 16, 2014) (finding entry of judgment under Rule 54(b) inappropriate given the "similarity of issues between the dismissed causes of action and the causes of action still left to be tried."); *Martin v. Walmart Supercenter Store #2074*, No. 3:22-cv-00153-SLG, 2024 WL 111100, at *2 (D. Alaska Jan. 10, 2024) (declining entry of judgment under Rule 54(b) when such judgment would "start the clock for [the party] to appeal" while the action is still ongoing).

Accordingly, IT IS ORDERED:

1. Defendants' request for entry of judgment, Doc. 323, is DENIED.

IT IS SO ORDERED.

Dated: April 8, 2025

_____
UNITED STATES DISTRICT JUDGE