UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEITH MCCOY,<br><br>Plaintiff,<br><br>v.<br><br>A. HOLGUIN, C. CASILLAS, and C. MARTINEZ,<br><br>Defendants. | No. 1:15-cv-00768-KES-HBK (PC)<br><br>ORDER SETTING TRIAL DATE, PRETRIAL CONFERENCE HEARING, AND RELATED DEADLINES<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF LOCAL RULE 281<br><br>**Plaintiff's Pretrial Statement Due: July 14, 2025**<br><br>**Defendants' Pretrial Statement Due: July 14, 2025**<br><br>**Pretrial Conference Hearing: July 28, 2025, at 3:00 p.m.**<br><br>**Trial Date: September 23, 2025, at 8:30 a.m.** |

This matter proceeds on plaintiff LaKeith McCoy's Second Amended Complaint filed October 26, 2015. Doc. 15. A jury trial was held in this matter on February 25, 2025, which resulted in a partial jury verdict finding the following nine defendants not liable: D. King, V. Moore, J. Gonzales, A. Martinez, S. Lomas, O. Delgado, E. Barron, Montanez, Mayfield, Moreno, G. Arellano, and Hollis Bennett. Docs. 309, 322. The jury deadlocked and a mistrial was declared as to the remaining three defendants: A. Holguin, C. Casillas, and C. Martinez. *Id.*

A subsequent settlement conference was unsuccessful. Doc. 331. The Court now sets a date for retrial as to defendants A. Holguin, C. Casillas, and C. Martinez before District Judge Kirk E. Sherriff on **September 23, 2025, at 8:30 a.m.**, and sets a pretrial conference hearing before District Judge Kirk E. Sherriff on **July 28, 2025, at 3:00 p.m.** This order further directs the filing of pretrial statements and sets other related deadlines.

## PRETRIAL STATEMENTS

1. The parties shall file separate pretrial statements. Local Rule 281(a)(1). The statements shall contain the information set forth in Local Rule 281(b).

2. Plaintiff shall file and serve his pretrial statement as described in this order on or before **July 14, 2025**.

3. Defendants shall file and serve their pretrial statements as described in this order on or before **July 14, 2025**.

4. The Clerk of Court is directed to send plaintiff a copy of Local Rule 281.

## PRETRIAL CONFERENCE HEARING

A pretrial conference hearing is set for **July 28, 2025, at 3:00 p.m.** If the parties wish to appear by Zoom, they are directed to contact the courtroom deputy, Victoria Gonzales, at vgonzales@caed.uscourts.gov for the Zoom ID and password prior to the conference. The Zoom ID number and password are confidential and are not to be shared. Appropriate court attire is required.

## ATTENDANCE OF WITNESSES FOR TRIAL

At the trial of this case, plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is plaintiff's responsibility to produce all the evidence to prove plaintiff's case, whether that evidence is in the form of exhibits or witness testimony. In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, plaintiff must make a particularized showing to obtain the attendance of inmate-witnesses. The procedures and requirements for making such a showing are detailed below. Plaintiff is advised that failure to comply with these procedures may

result in the preclusion of any or all witnesses named in plaintiff's pretrial statement. To call witnesses to testify, plaintiff must follow the procedures set forth below:

**Incarcerated Witnesses Who Agree to Voluntarily Testify**

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless the Court orders the warden or other custodian to permit the incarcerated witness to be transported to court. The Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; and (b) the prospective witness has actual knowledge of relevant facts.

Either party intending to introduce the testimony of incarcerated witnesses who have agreed to voluntarily attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must: (1) state the name, address, and prison identification number of each witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party can swear personally by declaration under penalty of perjury that the prospective witness has information that the witness is willing to testify voluntarily without being subpoenaed. In the declaration, the party must state when and where the prospective witness informed him of this willingness; or (2) the prospective witness can sign a declaration under penalty of perjury in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective incarcerated witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts, the party can swear by declaration under penalty of perjury that the prospective witness has actual knowledge (e.g., if an incident occurred in plaintiff's cell and, at the time, the party saw that a cellmate was present and observed the incident, the party may swear to the cellmate's ability to testify); or (2) the inmate-witness can sign a declaration under penalty of perjury in which the inmate-witness describes

1  the relevant facts to which the prospective witness was an eye or ear witness.  Whether the

2  declaration is made by the party or by the prospective witness, it must be specific about the

3  incident, when and where it occurred, who was present, and how the prospective witness

4  happened to be in a position to see or to hear what occurred at the time it occurred.  The party

5  must serve and file the declaration made the inmate-witness or by himself.

**Incarcerated Witnesses Who Refuse to Testify Voluntarily**

7  If a party wishes to obtain the attendance of incarcerated witnesses who refuse to

8  testify voluntarily, the party should serve and file a written motion for a court order requiring that

9  such witnesses be brought to court at the time of trial.  Such motion should be in the form

10  described above.  In addition, the party must indicate in the motion that the incarcerated witnesses

11  are not willing to testify voluntarily.

12  The Court will review and rule on the motion for attendance of incarcerated witnesses,

13  specifying which prospective witnesses must be brought to court.  Subsequently, the Court will

14  issue the writs necessary to cause the witnesses' custodian to bring the witnesses to court.

15  A motion for the attendance of incarcerated witnesses, if any, must be filed on or

16  before **July 1, 2025**.  Opposition(s), if any, must be filed on or before **July 8, 2025**.

**Nonincarcerated Witnesses Who Agree to Voluntarily Testify**

18  It is the responsibility of either party who has secured a nonincarcerated witness's

19  voluntary attendance to notify the witness of the time and date of trial.  No action need be sought

20  or obtained from the Court.

**Nonincarcerated Witnesses Who Refuse to Testify Voluntarily**

22  If a prospective witness is not incarcerated, and he or she refuses to testify

23  voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45.  In addition, the

24  party must tender an appropriate sum of money for the witness.  *Id.*  In the case of an

25  nonincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the

26  witness's travel expenses.  28 U.S.C. § 1821.  Any party serving a subpoena must comply with

27  the requirements of Federal Rule 45.

28  To permit the Court to calculate estimated travel costs and for the Clerk of Court to issue

1 subpoenas (if so ordered), plaintiff must provide full names and current addresses for each of the
2 witnesses. Plaintiff must submit the required identification and address information to the Court
3 **no later than July 1, 2025**.

4 Once the Court has this information it will calculate the travel expenses for each non-
5 incarcerated witness and notify plaintiff. Plaintiff then, for each witness, must submit to the
6 Court a request for subpoena and money order made payable to the witness for the full amount of
7 the witnesses' travel expenses plus the daily witness fee of $40.00. Because plaintiff is not
8 proceeding in forma pauperis, he is not entitled to service of the subpoenas by the United States
9 Marshals Service. *See* 28 U.S.C. 1915(d); 28 U.S.C. 566(c). The Court will issue any approved
10 subpoenas to plaintiff so that he may have them served in accordance with Rule 4 of the Federal
11 Rules of Civil Procedure.

12 Plaintiff is advised that under Rule 45 of the Federal Rules of Civil Procedure, a witness
13 who resides more than 100 miles from the location set for trial is beyond the court's subpoena
14 power unless:

> [the location for trial is] within the state where the person resides, is employed, or regularly transacts business in person, [and] . . . the person (i) is a party or party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

18 Fed. R. Civ. P. 45(c)(1)(B); *see also Dooley v. Nevada Gold Mines, LLC*, 2022 WL 867265, at *3
19 (D. Nev. Mar. 23, 2022) (noting that "federal courts can compel a witness to testify" if the
20 conditions of Fed. R. Civ. P. 45(c)(1)(B) are met).

21 "When travel over 100 miles could impose substantial expense on the witness, the party
22 that served the subpoena may pay that expense and the court can condition enforcement of the
23 subpoena on such payment." *See* Advisory Committee Note to the 2013 Amendments to Rule 45.
24 Thus, the Court will determine whether issuance of subpoenas to any witness beyond the Court's
25 subpoena power is appropriate and may condition its enforcement on plaintiff's payment of the
26 witness' expenses, including overnight lodging permitting the witness to attend trial.

27 ///
28 ///

**CONSENT TO MAGISTRATE JUDGE HEARING TRIAL**

The parties can consent to a United States magistrate judge conducting all proceedings, including trial and entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. The Eastern District of California magistrate judges are experienced trial judges and use the same jury pool and same court facilities as United States district court judges. Since magistrate judges do not conduct criminal felony trials, they have greater scheduling flexibility and set firm civil trial dates. The present trial date set before District Judge Kirk E. Sherriff is subject to being continued if a conflicting trial takes precedence. Judgment entered by a United States magistrate judge is appealable directly to the United States Court of Appeals for the Ninth Circuit. While there are scheduling benefits to consenting to magistrate judge jurisdiction, substantive rulings and decisions will not be affected by whether a party chooses to consent or not to having their case heard by a magistrate judge.

**EFFECT OF THIS ORDER**

Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

The parties are advised that failure to file amended pretrial statements as required by this order or failure to comply with this order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

IT IS SO ORDERED.

Dated:   May 19, 2025

UNITED STATES DISTRICT JUDGE

6